Hill v. Lund.

---

GEORGE F. HILL

*vs.*

JOSEPH P. LUND.

Where a tax deed is made in pursuance of a sale under *Chap.* 4, *Laws* 1862, *Chap.* 5, *Laws* 1863, and *Chap.* 5, *Laws* 1864, an action brought more than one year after the recording of the deed, for the purpose of having the deed adjudged void as a cloud upon title, is barred by *Section* 7, *Chap.* 4, *Laws* 1862, and *Section* 4, *Chap.* 5, *Laws* 1864.

This action was commenced in the Court of Common Pleas for Ramsey county, to set aside a tax deed, as a cloud upon

plaintiff's title to certain real estate, on the ground of certain alleged irregularities in the preliminary proceedings under which the deed was obtained. The case was tried before the Court without a jury, who found for the defendant, and ordered a judgment of dismissal to be entered. The plaintiff appeals from such judgment to this Court. The case is fully stated in the opinion of the Court.

OSCAR STEPHENSON for Appellant.

HENRY J. HORN for Respondent.

*By the Court*—BERRY, J.—The tax deed ·which the plaintiff in this case seeks to have adjudged void, was made in pursuance of a sale under the Act of March 11th, 1862, entitled "An Act in relation to the redemption of lands sold for taxes, and relating to taxes and tax sales," and acts supplementary and amendatory, being *Ch.* 5, *Laws* 1863, and *Ch.* 5, *Laws* 1864.

On the trial below the plaintiff "introduced evidence tending to show that no sufficient notice of sale, as required by the said acts, had been given, and the proceedings were otherwise irregular," but upon the motion of defendant the action was dismissed upon the ground that more than one year having elapsed between the record of the tax deed and the commencement of this action, the action was barred under the provisions of the before cited act of 1862 and the amendatory and supplementary acts aforesaid. *Sec.* 7, *Ch.* 4, *page* 35, *Laws* 1862, provides, "That any person or persons having or claiming any right, title or interest in or to any land or premises after a sale under the provisions of this act, adverse to the title or claim of the purchaser at any such tax sale, his heirs or assigns, shall within one year from the time

Hill v. Lund.

of the recording of the tax deed for such premises, commence an action for the purpose of testing the validity of such sale, or be forever barred in the premises." *Sec. 4 of Ch.* 5, *Laws* 1864, makes the same provision.

The complaint in this action sets up the title and seizin in fee of the plaintiff to certain real estate, and then proceeds to allege that the defendant claims an estate or interest therein adverse to the plaintiff, by virtue of a certain tax deed, which was recorded in the proper office, and is a cloud on the plaintiff's title. It then goes on to specify the want of due notice of sale, and other irregularities and defects in the proceedings, which are claimed to be void, and prays that the defendant may be adjudged to have no claim, estate or interest whatever in and to said premises. This is evidently an action to test the validity of the tax sale, and falls within the terms of *section* 7 just quoted, and of *section* 4, *Ch.* 5, *Laws* 1864, and if the application of these sections to the case at bar infringes no portion of the constitution, the action was properly dismissed. The case does not present the questions determined in *Baker vs. Kelly*, 11 *Minn.*, 480. The application of the limitation to the present action, does not deprive the plaintiff of his right of property, or possession in the premises purporting to be conveyed by the tax deed.

The denial of permission to the plaintiff to bring an action for the purpose of adjudging the tax deed void, as a cloud upon his title, does not make the cloud substantial. He stands in no worse position than he would in any State where the want, or the narrow limits of equity jurisdiction, would forbid him from maintaining this form of action, and where he would nevertheless be protected in the ownership and enjoyment of his property. We see no objection to the application of *sections* 7 *and* 4, before cited, in this instance, and to this form of action, and the judgment is accordingly affirmed.