WALTER H. SANBORN *vs.* LIZZIE COOPER.

JOHN B. SANBORN and another *vs.* LIZZIE COOPER.

December 15, 1883.

**Tax Law of 1874 — Admissibility of Tax Certificates in Evidence.—** Section 125 of the tax law of 1874, as amended by Laws 1875, *c.* 5, § 30, reads as follows: "Such certificate [of sale] or the record thereof, shall in all cases be *prima facie* evidence that all the requirements of the law *in respect to the sale* have been complied with; and no sale shall be set aside or held invalid unless the party objecting to the same shall bring his action to set aside such certificate, or to test the validity of such sale, within five years from the date of the sale." *Held*, independently of any statute, this certificate would be inadmissible without proof of the precedent acts necessary to clothe the auditor with authority to make the sale.

**Same—Tax Judgment must be proved.—**This statute makes the certificate *prima facie* evidence "that all the requirements of the law in respect to the *sale* have been complied with," but not of the tax judgment under which the sale purports to have been made. Hence, such certificate is not admissible without first introducing in evidence such judgment.

**Same—When action is brought after 5 Years.—**This rule of evidence is not changed by the fact that the action has not been brought within five years from the date of sale.

Actions to determine adverse claims to real estate. Appeals by plaintiffs from orders of the district court for Ramsey county refusing new trials, after trials before *Simons*, J., without a jury. The cases are stated in the opinion.

*John B. & W. H. Sanborn*, for appellants.

That there was error in the ruling and decision of the lower court, is evident from the unvarying decisions of the courts upon this identical question. *Hinman* v. *Pope*, 1 Gilman, 131; *Dukes* v. *Rowley*, 24 Ill. 210; 221; *Baily* v. *Doolittle*, 24 Ill. 577; *Doe* v. *Himelick*, 4 Blackf. 494; *Parker* v. *Smith*, 4 Blackf. 70; *Scott* v. *Detroit Young Men's Society*, 1 Doug. (Mich.) 119, 152; *Latimer* v. *Lovett*, 2 Doug. (Mich.) 204; *Jackson* v. *Morse*, 18 John. 441; *Striker* v. *Kelly*, 2 Denio, 323; *Doughty* v. *Hope*, 3 Denio, 594; *Tallman* v. *White*, 2 N. Y. 66; *Beekman* v. *Bigham*, 5 N. Y. 366; *Varick* v. *Tallman*, 2 Barb. 113; *Bridge* v. *Bracken*, 3 Pin. (Wis.) 73.

*A. R. Capehart*, for respondent.

Respondent was not required by Laws 1875, *c.* 5, § 30, to prove a tax judgment, and that she claims by virtue of a sale and the statute of limitations. All respondent has to do, is to show a sale of the premises and a lapse of five years from the date thereof without suit brought to set it aside, in order to set the statute in motion. "A tax deed not void upon its face is, of itself, *prima facie* evidence of everything necessary to its own validity, and is *prima facie* evidence of title in the grantee mentioned in the tax deed." *Bowman* v. *Cockrill*, 6 Kan. 311; *Hobson* v. *Dutton*, 9 Kan. 477; *Stahl* v. *Roost*, 34 Iowa, 475; *Leavitt* v. *Watson*, 37 Iowa, 93; *Pillow* v. *Roberts*, 13 How. 472; *Lamb* v. *Gillett*, 6 McLean, 365. If plaintiff relied upon any defect in the proceedings or in the jurisdiction, it was his duty to aver and prove such defects.

MITCHELL, J. Actions to determine adverse claims to vacant and unoccupied real estate, under Gen. St. 1878, *c.* 75, § 2. In each case defendant in her answer denies plaintiff's title, and alleges title in herself under "a tax judgment sale," made December 16, 1876, and alleges that no action had been brought within five years after the date of sale to set aside the certificate of sale, or to test the validity of such sale, and demands as affirmative relief that she be adjudged the owner in fee of the premises, and that plaintiff be adjudged to have no right, title, or estate therein. The reply denies all the allegations of the answer, except that it admits that no action had been brought within five years to set aside any certificate of sale, or

to test the validity of any pretended tax sale. On the trial plaintiff proved a perfect chain of title in himself from the United States. Defendant offered in evidence a certificate of sale, purporting to have been made pursuant to a tax judgment by the county auditor to one Lord, on the 16th of December, 1876, to the admission of which plaintiff objected, on the ground that no evidence had been offered of any tax judgment, or of any authority to the auditor to make the sale. The court overruled the objections and admitted the certificate. The only other evidence offered or introduced by defendant was a deed from Lord to herself, and that the premises had not been redeemed from the alleged tax sale. On this state of facts, the court found as conclusions of law that defendant was the owner in fee-simple of the premises, and that plaintiff had no interest or title therein, and ordered judgment accordingly. The ground upon which the decision was put is that, no action having been brought to set aside or test the validity of the tax sale within five years, the title of the purchaser at such sale became absolute and cannot now be questioned. The sale was made under the general tax law of 1874, as amended by Laws 1875, *c.* 5, § 30, the important provision of which is as follows: "Sec. 125. Such certificate, or the record thereof, shall, in all cases, be *prima facie* evidence that all the requirements of the law *in respect to the sale* have been complied with, and no sale shall be set aside or held invalid unless the party objecting to the same shall bring his action to set aside such certificate, or to test the validity of such sale, within five years from the date of the sale."

It is elementary that, according to the common-law rule, this certificate would be inadmissible without proof of the authority of the auditor to make the sale. To sustain a conveyance executed by an attorney under a power of attorney, by an executor under a will, by a sheriff under an execution, by a guardian or administrator under an order of court, by a commissioner under a decree of court, the power of attorney, the will, the judgment and execution, and the decree, must be first produced and put in evidence. If this certificate is *prima facie* evidence of any of the precedent acts necessary to clothe the auditor with authority to sell, it is only so by force of the statute, and only to the extent it is expressly made so. But this

statute only makes the certificate of sale *prima facie* evidence "that all the requirements of the law *in respect to the sale*" have been complied with, but not of the precedent acts necessary to authorize the auditor to make the sale. It is not made *prima facie* evidence of the tax judgment, which is the source of his authority to sell. This would have to be first proved *aliunde*, as before. The extent of the effect of the statute is merely to make the certificate *prima facie* evidence of the regularity of the proceedings connected *with the sale itself*, such as the giving of notice of the time and place of sale, the fact of sale, and that it was conducted in the manner required by law, and the like. That this *is* the extent to which it goes is, we think, almost self-evident from the language of the statute itself. If necessary, this view could be abundantly sustained by decisions of other courts. in construing similar statutes.

The defendant insists, however, that this rule is somehow changed, or inapplicable, from the fact that the so-called statute of limitations has run, the action not having been brought within five years after the sale. But this is not a question of the statute of limitations, but of the competency of evidence. How can the fact that the statute. has run render that competent which before would have been incompetent? The trouble is, the statute is not broad enough for defendant's purposes. It needs a tax judgment behind it to set it in motion. Until she proves a tax judgment authorizing a sale, she can never reach a point to invoke the application of the statute. See *Dawson.* v. *Helmes*, 30 Minn. 107. Had she proved such a judgment, she might be in position to successfully insist that plaintiff was not entitled to have the sale or certificate set aside on account of an omission to comply with any of the requirements of law respecting the sale. But the case now stands precisely as if she had introduced no. evidence, because she has produced no competent evidence.

Orders reversed, and new trial ordered in both actions.

GILFILLAN, C. J., *dissenting.* I concur in the result reached in· this case, on the ground that, although after it is proved that the sale was in proceedings to enforce the payment of taxes, the certificate of · sale is *prima facie* evidence that, in the matters immediately respect-

ing the sale,—*i. e.*, the notice, and time, place, and manner of sale, —the requirements of the statute have been complied with, it does not of itself prove the pendency of such proceedings, and consequently does not of itself show the sale to have been made in such proceedings. That fact must be otherwise established, and then the certificate has the effect as evidence which the statute gives to certificates issued on such sales. But I dissent from the opinion so far as it indicates that, to make operative the limitation prescribed by the statute, there must be a valid tax judgment. The language prescribing the limitation is general, (unlike that providing the effect as evidence of the certificate,) and covers every ground on which a sale might be held invalid, and is as effectual as though it were. "No sale shall be set aside or held invalid *for any cause,* unless," etc. That the effect of the certificate as evidence is confined to the things immediately respecting the sale, furnishes no reason for confining the limitation to those things. In the one case the language is particular and specific, and in the other general. The statute provides for proceedings each year to enforce the payment of delinquent taxes upon real estate, to be commenced in the district court at a designated time, and to be prosecuted to a termination in a sale. It is the policy of the statute to invite purchasers to such sales, so that the taxes may be brought into the treasury; and one of the means adopted to that end is to assure a title to purchasers. The limitation is one of the assurances to the title. Its aim is to protect such titles. To hold that the limitation operates only when a valid sale is proved would render it nugatory, for to such a sale it would be of no benefit, and altogether unnecessary ; and to hold that it operates only on a sale pursuant to a tax judgment shown to be valid, would make it of comparatively little use. An executor, however regularly he may proceed in other respects, cannot make a valid sale of real estate, unless upon license duly issued by a probate court having jurisdistion to issue it. Yet in *Spencer* v. *Sheehan,* 19 Minn. 292. (338,) on the point being made that the limitation of actions to test the validity of such a sale operates only where the court granting the license had authority to grant it, this court very clearly indicated its opinion against the point. I can find no warrant in this statute for dividing the proceedings so

as to hold that the limitation covers defects affecting the validity of a portion of them, but does not cover defects affecting the validity of the remainder. There is no middle ground between holding that it applies to every *tax sale in fact*, on whatsoever ground it may be assailed, and holding that it applies only to such as are valid in every particular; that is, to such as do not need it. In my opinion, whenever it appears that the sale was made in the course and as a part of the annual proceedings to enforce the payment of taxes, it cannot be assailed for invalidity in any part of the proceedings unless the action is brought within five years.