SYLVESTER KIPP and another *vs.* PETER J. JOHNSON.

January 7, 1884.

**Limitations — Repeal of Statute — Effect on Causes of Action once barred.**—The rule that a cause of action once barred by the statute of limitations is not revived by the repeal of the statute, is founded upon the principle that a person cannot be divested of his vested rights of property by mere legislative enactment. Hence, it only applies where the statute entirely extinguishes the *right*, and vests perfect title in the adverse holder, and not to statutes which merely bar certain remedies or forms of action, but leave the rights of property unaffected, and capable of being tested in other forms of action.

**Same — Application to Repeal of Limitation of Right to attack Tax Sales.**—Gen. St. 1866, c. 11, § 154, *held* (following other decisions of this court, construing similar statutes) to belong to the latter class. Hence, its repeal by Laws 1874, c. 1, § 168, revived the right to bring an action to test the validity of a proceeding under said chapter 11, although the three years had run before the statute was repealed. The bar of this statute is not a "right," within the meaning of the saving clause in the repealing statute. For the same reason it was not revived by Gen St. 1878, c. 11, § 120.

**Taxes — Sale of Forfeited Lands — Circular Instructions from State Auditor.**—Instructions by the state auditor to a county auditor, regarding the sale of "forfeited lands," (Gen. St. 1866, c. 11, § 137,) are sufficient, although consisting wholly of a printed circular transmitted by mail.

Appeal by plaintiffs from a judgment of the district court for Chisago county, where the action was tried by *Crosby*, J., without a jury.

*S. & O. Kipp*, appellants, *pro se.*

*H. N. Setzer*, for respondent, cited *Bower* v. *O'Donnall*, 29 Minn. 135.

MITCHELL, J. Action to determine adverse claim to vacant and unoccupied land, brought under Gen. St. 1878, c. 75, § 2. The defendant, in his answer, claimed title under a tax deed executed by the county auditor on the 15th day of July, 1869, purporting to be made pursuant to the provisions of Gen. St. (1866,) c. 11, §§ 137,

156, 157, as of land forfeited to the state at the tax sale of June, 1865. Defendant having introduced this deed in evidence, "the plaintiff offered evidence tending to prove facts that would invalidate the tax deed, to which defendant objected, on the ground that he was precluded therefrom by the statute of limitations, which objection was sustained, and plaintiffs duly excepted." The correctness of this ruling is the principal question raised by this appeal.

The tax law applicable to this case was Gen. St. (1866,) c. 11. Section 154 of that chapter, as amended by Laws 1869, c. 23, reads as follows: "Actions to test the validity of any proceeding under this chapter, or to determine any claim made under or by virtue of any such proceeding, shall be commenced within three years after the sale or forfeiture of land for non-payment of taxes, and not otherwise." This remained in force until repealed in 1874. Laws 1874, c. 1, § 168. This statute had therefore run against *this form of action* before its repeal, and the defendant invokes the rule that if a cause of action has been barred while the statute is in force and before suit, the repeal of the statute cannot revive it.

But a consideration of the reason of this rule will suggest why it has no application to this statute. The rule and its reason is thus stated by Judge Cooley: "When the period prescribed by statute has once run, so as to cut off the remedy which one might have had for the recovery of property in the possession of another, *the title of the property, irrespective of the original right, is regarded in the law as vested in the possessor,* who is entitled to the same protection in respect to it which the owner is entitled to in other cases. A subsequent repeal of the limitation law could not be given a retroactive effect, so as to disturb this title. It is vested as completely and perfectly, and is as safe from legislative interference, as it would have been if it had been perfected in the owner by grant, or by any species of assurance." Cooley, Const. Lim. 365.

This is but another way of saying that a person cannot be deprived of his property by mere legislative enactment. The rule does not mean that a party has a *vested right* to an immunity from any particular form of action. It is always competent for the legislature to change the remedy. They may give one remedy and deny another,

and subsequently restore the latter, and, if it does not impair vested rights of property, no one can object. All that the rule means is that a person cannot, by a repeal of the statute, be divested of his vested rights of property. Where the prescription is the foundation of title to property in possession, the running of the statute vests absolute title in the party in possession. To revive the right of action against him for its recovery after the statute had run, would be, in effect, to divest him of his vested title to the property. This cannot be done.

But what are often indiscriminately called statutes of limitation consist of two distinct classes: *First*, statutes of limitation, properly so called, where the prescription operates as the foundation of title to property in possession. The lapse of time limited by such statutes not only bars the remedy, but *extinguishes the right*, and vests a perfect title in the adverse holder. *Stocker* v. *Berny*, 1 Ld. Raym. 741; *Leffingwell* v. *Warren*, 2 Black, 599, 605; Buller, Nisi Prius, 103. The *second* class are those which merely take away or suspend certain remedies or forms of action, but leave the property rights of the parties unaffected. This last class is rather an exemption from the servitude of certain forms of action than a means of the acquisition of title. In such a case, the legislature would a have perfect right to restore the remedy already barred, because it would not take away any vested rights of property.

Under the decisions of this court, construing a similar statute, and which have now become a rule of property in this state, the statute now under consideration belongs to the second class. Its only effect is to bar, after three years, certain remedies or forms of action. Notwithstanding the lapse of the three years, the property rights of the parties remain wholly unaffected. The mere paper tax deed of defendant, if originally void, would not, by this lapse of time, ripen into a good title. The rights of property of the parties could still be tested in other forms of action, as, for example, ejectment, in which the validity of this tax deed could be inquired into. *Baker* v. *Kelley*, 11 Minn. 358, (480;) *Hill* v. *Lund*, 13 Minn. 419, (451.) Hence, to restore the servitude of the defendant to the forms of action denied or previously taken away by the statute of 1866, would not be to divest him of any vested rights of property, but simply to increase the

remedies or forms of action in which such rights might be tested. · This is entirely within the power of the legislature. The statute having been the only thing in the way of bringing such an action, its repeal has removed that prohibition, and the action will now lie.

The saving clause in the repealing statute, to wit, "that all rights heretofore acquired under any act hereby repealed shall not be affected hereby," does not aid the defendant. It applies to vested rights of property. An immunity from certain forms of action is not "a right" within the meaning of this clause. No man has a vested right to a mere remedy, or in an exemption from it. Cooley, Const. Lim. 361, 362; Potter, Dwarris, St. 471. The repeal of the repealing act (Laws 1875, *c.* 5, § 52) did not revive Gen. St. (1866,) *c.* 11, § 154. (Gen. St. 1878, *c.* 4, § 3.) Neither was it revived by Laws 1878, *c.* 1, § 120, (Gen. St. 1878, *c.* 11, § 120,) which provided that "all rights heretofore acquired under chapter 11 of the General Statutes, (1866,) or any other act repealed by chapter 1 of the General Laws of 1874, are hereby revived and continued in force, to the same extent as when such rights were acquired." An exemption from any particular remedy is not a *right,* within the meaning of the statute.

It follows that the judgment must be reversed and a new trial ordered. In view of such new trial we add that there was no error in the action of the court in admitting in evidence the printed circular sent by mail by the state auditor to the county auditor, giving directions for the sale of forfeited lands. There was nothing in the statutes (Gen. St. 1866, *c.* 11, § 137) requiring these directions to be in any particular form, or signed by the state auditor. They are sufficient, although the whole of them, including the name of the auditor attached, be in print.

Judgment reversed, and new trial ordered.