EZRA B. FELLER *vs.* MELVIN J. CLARK.

January 12, 1887.

**Tax Judgment—Land not described in Published Delinquent List.—**
In proceedings under Laws 1881, c. 135, to enforce payment of taxes delinquent in and prior to 1879, a judgment charging land not described in the published delinquent tax list is void.

**Same—Limitation of Actions.—**Such a judgment does not set in motion the nine-months limitation of actions provided in section 7 of the chapter cited.

Plaintiff brought this action in the district court for St. Louis county, to determine defendant's adverse claim to certain unoccupied land. The defendant denied plaintiff's title, alleged title in himself under the tax proceedings recited in the opinion, and asked judgment declaring and adjudging him to be the owner. The action was tried by *Stearns*, J., who ordered judgment for the defendant, from which the plaintiff appeals.

The premises in question are situate in sections 18 and 20, in township 55, range 21, and the only description in the published delinquent list claimed to be applicable or to have been intended to apply to them, was a description of the same subdivisions and sections, but in "township *50*, range 21."

*Wm. W. Billson*, for appellant.

*Ensign & Cash*, for respondent.

BERRY, J. Action to determine an adverse claim to vacant and unoccupied real estate. Defence, a tax title under a judgment entered and sale had in proceedings under chapter 135, Laws 1881, to enforce payment of taxes delinquent in and prior to 1879. The judgment is found to have been regular upon its own face, but it is also found that the land in controversy is not mentioned or described in the published delinquent tax list on file in the office of the clerk of the district court of St. Louis county where the land lies. Section 73, chapter 11, Gen. St. 1878, enacts that, "when the last publication [of the delinquent list] shall have been made, the notice shall be deemed to have been served, and the court to have acquired full and

complete jurisdiction to enforce, against each piece or parcel of *land in said published list described,* the taxes, accrued penalties, and costs upon it then delinquent," etc.

As held in *Eastman* v. *Linn,* 26 Minn. 215, (2 N. W. Rep. 693,) in construing provisions of the tax law of 1874 similar to those of the act of 1878, applicable to the sale here in question, the publication of a delinquent list, as required by law, "is a jurisdictional prerequisite to the entry of any valid judgment against any property" mentioned therein, and it is "competent to show such want of jurisdiction for the purpose of impeaching the judgments, and the sales made un- under them, for it is so expressly provided by the statutes in question ;" (see Laws 1874, *c.* 1, § 125; Id. *c.* 2, § 15; and Gen. St. 1878, *c.* 11, § 85;) and the words which we have italicized in the above quotation from section 73 confine the jurisdiction of the court to land in the published list described.

From these premises it necessarily follows that the judgment in the case at bar was rendered without jurisdiction, and is therefore void. See *Knudson* v. *Curley,* 30 Minn. 433, (15 N. W. Rep. 873.)

But in section 7 of chapter 135 of the Laws of 1881, under which the judgment was rendered and the sale had, it is enacted that "the judgment and sale herein provided for shall not be set aside unless the action in which the validity of the judgment or sale shall be called in question, or the defence to any action alleging its validity, be brought within nine months of the date of said sale." The present action was brought long after the expiration of the nine months mentioned, and the defendant insists that it is therefore barred. But it is otherwise determined and settled in *Sanborn* v. *Cooper,* 31 Minn. 307, (17 N. W. Rep. 856,) where it is held that, to set an analogous statute of limitations in motion, "a tax judgment authorizing a sale" is necessary. Of course, this must have had reference to a valid judgment, and not to one which was no judgment, because *void,* and, in the case at bar, void upon the face of the record. The dissenting opinion of the chief justice shows that it was so understood. And it is further to be observed that the language of the act of 1874, construed in *Sanborn* v. *Cooper,* is that *no sale* shall be set aside, etc.; while the language of section 7 of the act of 1881,

which we are considering, is that the judgment and sale *herein provided for* shall not be set aside, etc.   We are not prepared to hold that the words "herein provided for" do not expressly limit the judgment against which the limitation of actions runs to such as are rendered in the exercise of the *jurisdiction* conferred by the statute, excluding all others.

Judgment reversed, and case remanded.

MITCHELL, J.   I concur in the result; but, in view of certain differences between the tax law of 1874 and the act of 1881, I am not quite prepared to say that the decision in the present case is controlled by *Sanborn* v. *Cooper*.   I think, however, that the so-called limitation of the act of 1881 (assuming that it means all that respondent claims) is, as applied to the facts of this case, unconstitutional and void.   It will be observed that respondent invokes this limitation, not merely for the purpose of defeating appellant's present action, but also *as the basis of title in himself under this tax judgment and sale*.   He asks in his answer that the title to the land be adjudged in him, and such is the judgment of the court.   This provision of the statute is not, in any proper sense, a statute of limitation, as it does not operate as the foundation of title to property in *possession;* neither does it merely take away certain forms of *remedy*, leaving the property right of the parties unaffected.   See *Kipp* v. *Johnson*, 31 Minn. 360, (17 N. W. Rep. 957.)   But it assumes, in effect, to declare that a mere claim of title on paper, unaccompanied by possession, shall ripen into good title, as against the lawful owner in the undisputed enjoyment of his own property; as where he is in the actual occupancy of it, or, as in this case, where it is vacant, and consequently the title draws to it the legal possession.   The legislature cannot require a person, in the uninterrupted enjoyment of his own property, to commence an action for the purpose of vindicating his right against some void claim existing merely on paper, or to declare that, by his failure to do so, the title of his property shall vest in the holder of that void claim, who has never been in possession under it.   *Baker* v. *Kelley*, 11 Minn. 358, (480, 495.)

On this ground, I think the judgment should be reversed.