SYLVESTER KIPP and another *vs.* JAMES W. FERNHOLD, impleaded, etc.

June 15, 1887.

**Delinquent Tax-List—Description.**—A published tax-list, under the delinquent tax law of 1881, describing certain fractions of tracts of land indicated by numerals, under the column-heading "Lots," is not applicable and sufficient, as a description of parts of *sections* of land.

**Same—Judgment—Statute of Limitations.**—A judgment against designated fractions of *sections*, entered upon the publication of such a tax-list, is void for want of jurisdiction, and does not set in operation the statute of limitations.

Plaintiffs brought this action in the district court for Sibley county, to determine the adverse claims of the defendants to certain lands. The action was tried before a referee, who found that the plaintiffs

.are the owners of the lands, having acquired title thereto under the tax sale under Laws 1881, *c.* 135, and that the defendants have no right or title thereto, and directed judgment accordingly. The defendant James W. Fernhold appeals from an order by *Edson, J.,* refusing a new trial.

Scott & Longbrake and *A. J. Shores,* for appellant.

S. & O. Kipp, respondents, *pro se.*

DICKINSON, J.[1]  This is an action by parties claiming title under the tax sale in 1881, (made pursuant to chapter 135 of the Laws of that year,) to determine an asserted adverse title, the defendant Fernhold being the owner, unless his title was divested by the tax proceedings. The land consists of the northeast quarter of section 4, township 114, range 30; the southwest quarter of section 33, township 115, range 30; and the southeast quarter of section 34, in the same township and range.

It becomes important to understand how these lands were described in the special delinquent list filed with the clerk, and published in connection with and appended to the regular delinquent list for that year. This special delinquent list, preceded by the notice of the clerk, appears with headings, under which, in columns, the matter embraced in the list is arranged, which headings, with the descriptions to which our attention is directed, may be thus in part shown:

| Names of Owners, and Years When Taxes are Due, Subdivision of Section, Lot, or Block. | Lot. | | Block. |
| --- | --- | --- | --- |
| Town of Round Grove, Township 114, Range 30. | | | |
| J. W. Fernald, 1878, 1879, and 1880, ne¼ | 4 | 114 | 30 |
| Town of Collins, Township 115, Range 30. | | | |
| J. W. Fernald, 1878, 1879, and 1880, sw¼ | 33 | 115 | 30 |
| J. W. Fernald, 1878, 1879, and 1880, se¼ | 34 | 115 | 30 |

The regular list which precedes this has the headings "Section or Lot" and "Township or Block," instead of "Lot" and "Block," as found in the special list.

The above descriptions in the special list are insufficient as descriptions of the lands in question. Upon its face the list designates

[1] Berry, J., was absent and took no part in the decision of this case.

the subdivisions named of *lots* 4, 33, and 34. It does not describe parts of *sections* 4, 33, and 34. It is, of course, probable that sections were intended where lots are named, but those words designate entirely different and well-understood divisions of land. The descriptions could not be made properly applicable to the land in question, without changing the word "lot" to "section." The headings of the regular list preceding this do not aid this defective description. Although the one follows the other, each is an independent list, with proper notices and certificates, with nothing to indicate any connection between them. The defect was jurisdictional, and appeared upon the face of the record. Therefore the judgment against the land in controversy, entered upon such a publication, was void for want of jurisdiction. *Feller* v. *Clark*, 36 Minn. 338, (31 N. W. Rep. 175.) The judgment being void, the period of limitation prescribed by the law of 1881 was not operative. *Feller* v. *Clark, supra; Sanborn* v. *Cooper*, 31 Minn. 307, (17 N. W. Rep. 856.)

For the reason above indicated, the findings of the referee were erroneous, and the order refusing a new trial must be reversed.

The validity of the plaintiffs' alleged title was disputed upon other grounds, which it is not necessary for us to consider.

Order reversed.