A. M. KNIGHT and another *vs.* ENOS S. ALEXANDER.

May 10, 1888.

Action to Determine Adverse Claims—Effect of Possession.—A plaintiff, having possession of land, may maintain an action to determine an adverse claim, without other proof of his interest therein.

Taxes—Publication of Delinquent List—Designation of Newspaper.—A resolution of the board of county commissioners, designating "The Enterprise" as a newspaper for the publication of a delinquent-tax list, *held*, a sufficient designation of the "Glencoe Enterprise;" that being the only newspaper bearing that name published in the county.

Same—Description held Insufficient.—This description in a published delinquent-tax list, "N $\frac{1}{2}$ N E $\frac{1}{4}$ S E $\frac{1}{4}$ N E $\frac{1}{4}$ N E $\frac{1}{4}$ of N W $\frac{1}{4}$ section 23, township 114, range 30, 160 acres," *held*, not to sufficiently describe the N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, and the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, of that section.

**Same—Error in Description held Jurisdictional.**—An erroneous published description, which is calculated to mislead, is insufficient to constitute notice, and no jurisdiction is thereby acquired to enter judgment.

Appeal by defendant from a judgment of the district court for McLeod county, where the action was tried by *Edson,* J., without a jury.

That portion of the published delinquent-tax list in question in the case is as follows:

| Name and Description | Sec. | Town'p | R'nge | Acres | Years | Amount | Penalty | Total |
|---|---|---|---|---|---|---|---|---|
| [Descriptions of Parts of Sections] | | | | | | | | |
| ROUND GROVE TOWNSHIP. | | | | | | | | |
| Felix Cornoyer N ¼ N E ¼ S E ¼ N E ¼ N E ¼ of N W ¼ | 23 | 114 | 30 | 160 | 1879 | 13 55 | 1 35 | 14 90 |

*E. S. Alexander,* for appellant.

The designation of the newspaper was sufficient. *Russell* v. *Gilson,* 36 Minn. 366.

The purpose of the description in the published list being to point out the property, any description that does this in a way to leave no room for mistake by the public or the land-owner is sufficient, and testimony to identify the property is admissible. *Bowen* v. *O'Donnall,* 29 Minn. 135; *Stewart* v. *Colter,* 31 Minn. 385; *Gilfillan* v. *Hobart,* 34 Minn. 67; *Jenkins* v. *McTigue,* 22 Fed. Rep. 148. The number of acres is part of the description. 3 Washb. Real Prop. 402; *Kirkland* v. *Way,* 3 Rich. (So. Car.) Law, 4, (45 Am. Dec. 752.) The quantity (160 acres) and the amount of the tax show that the description does not designate merely an acre and a quarter of land, which would be the case if the word "of" were to be interpolated between each of the subdivisions, as suggested by plaintiffs—an interpolation which is not interpretation but destruction. *Kipp* v. *Fernhold,* 37 Minn. 132. The only thing wanting to make the description absolutely beyond question is the insertion of punctuation marks, and the number of acres stated shows that these should be inserted, and it would then read N ½ N E ¼; S E ¼ N E ¼; N E¼ of N W¼, sec. 23, etc.; and in such case the courts will read the description as if it had

v.38m—25

been property punctuated. *Ewing* v. *Burnet*, 11 Pet. 41, 53–4; *Heron* v. *Stokes*, 2 Drury & War. 89.

In support of the sufficiency of the description and the tax title, counsel cited also *Sloan* v. *Sewell*, 81 Ind. 180; *Law* v. *People*, 80 Ill. 268; *Fowler* v. *People*, 93 Ill. 116; *State* v. *Mayor of Newark*, 36 N. J. Law, 288; *Driggers* v. *Cassady*, 71 Ala. 529; *St. Peter's Church* v. *County of Scott*, 12 Minn. 280, (395;) *Collins* v. *Welch*, *ante*, p. 62.

*M. O. Little, Hooker, Little & Nunn*, and *F. R. Allen*, for respondents.

DICKINSON, J. The plaintiffs, alleging their ownership and possession of the land in controversy, brought this action under the statute to determine the adverse claims of the defendant. The latter asserts a title in himself, acquired under a tax judgment entered in 1880. The land in question is in the county of McLeod, and described as the north half of the northeast quarter: the southeast quarter of the northeast quarter: and the northeast quarter of the northwest quarter, of section 23, township 114, of range 30. The evidence justified the finding of the plaintiffs' possession of the land, and that was sufficient to enable them to maintain this action. *Herrick* v. *Churchill*, 35 Minn. 318, (29 N. W. Rep. 129;) *Barber* v. *Evans*, 27 Minn. 92, 93, (6 N. W. Rep. 445.)

The tax judgment through which the defendant's asserted title was derived, was based upon a publication of the delinquent list in a newspaper in said county, which, at the time of the publication, appeared under the name or title, "Glencoe Enterprise." This newspaper had previously been called the "McLeod County Enterprise," but the name had been changed as above indicated. In common speech it was spoken of as the "Enterprise." It was the only paper published in the county bearing that name. Only one other newspaper was published in the county. That was published under the name, "Glencoe Register." It is claimed that the county commissioners had not sufficiently designated this newspaper for the publication of the delinquent list, because in their resolution they merely named the "Enterprise." We think that this designation was sufficient, in view of the facts that the publication was required to be made in a newspaper published in that county, (if any paper was

published there, such as the statute specifies,) and that there was no other paper in the county bearing that name.

In the delinquent list, as published, the terms of description in question were: "Felix Cornoyer N ½ N E ¼ S E ¼ N E ¼ N E ¼ of N W ¼ 23, 114, 30, 160." The figures "23," "114," "30," and "160" were in columns headed so as to indicate that these terms designated, respectively, section, township, range, and the number of acres. Felix Cornoyer was the owner of the land in question. The above terms certainly do not correctly describe the land which is the subject of this action. If read without alteration by the insertion of conjunctions or marks of punctuation, to indicate that several parcels are intended to be included, these abbreviations designate a tract in the N. E. ¼ of the N. E. ¼ of the N. W. ¼ of the section, which, if the section be of the ordinary area, would be about 31-100 of an acre in extent. They can only be made descriptive of the land in question by inserting or implying words or marks to effect a separation of the terms, which upon their face constitute but a single description. It is contended that the statement of the number of acres shows that these terms should be separated into different descriptions, so as to designate several tracts having an aggregate area of 160 acres, and that only one such division is possible. We are of the opinion that, under the strict rule which is always applied in such cases, this consideration does not justify holding this description, which is in fact erroneous, to be a sufficient designation of the land in question for the purposes contemplated in the publication of the delinquent list. The principal object for which that publication is required, is to give notice to those persons interested in the land, and whose attention may be in no other way drawn to the facts involved in the notice. Hence, while a particular description which the parties to a deed of conveyance may have adopted to designate the land intended by them to be conveyed may be sufficient, although in some respect erroneous, it does not follow that such a description in a published tax-list would be legally sufficient as constructive notice. In such a publication a description which is in fact erroneous, and which is calculated to mislead, is insufficient. *Tallman* v. *White*, 2 N.Y. 66; Cooley, Tax'n, 404 *et seq.* It seems to us that this description was such as might

mislead one whose attention is not called to the fact of the erroneous designation. If, for instance, a person interested in the S. E. ¼ of the N. E. ¼ of this section had looked through this published list to learn whether that tract was there charged with delinquent taxes, he would, as may be supposed, have found no such land described in the list. If actually informed that the description in question was not what it was intended to be, and that it was intended to embrace that tract, he might then, with a little study, discover that this description could only be made to designate 160 acres of land, in a section of 640 acres, by such alteration of the terms as would make the "S. E. ¼ N. E. ¼" a distinct description. In view of the purpose for which such a publication is required, it would seem that an erroneous description here would, in general, be at least as objectionable as in a tax deed. In *Orton* v. *Noonan*, 23 Wis. 102, a description in a tax deed was: "Part of N. W. ¼ lot 3, [ * * * ] 5 25-100 acres of sec. 9, T. 7, R. 22." The court read this as meaning upon its face, "Part of N. W. ¼ of lot 3," etc., and held that the words "being" or "described as" should not be supplied by intendment, instead of "of," (which would have made the description applicable to the land in question,) as that would change the sense as it would be ordinarily understood. In *Keith* v. *Hayden*, 26 Minn. 212, (2 N. W. Rep. 495,) a judgment describing the land as "S.² N. E.⁴ & N. W.⁴ S. E.⁴ sec. 32," etc., designated also as being 120 acres, was held insufficient, although it might have been said, as it is here, that 120 acres of land could be described by these terms only by reading them as S. ½ of N. E. ¼ and N. W. ¼ of S. E. ¼ of the section.

The delinquent list, as published, being thus fatally defective, there was no jurisdiction, and the judgment was void, and is not protected from attack by the lapse of the statutory period of limitation. *Feller* v. *Clark*, 36 Minn. 338, (31 N. W. Rep. 175;) *Sanborn* v. *Cooper*, 31 Minn. 307, (17 N. W. Rep. 856.)

Judgment affirmed.