(Opinion published 51 N. W. Rep. 816.)

---

ROBERT A. SMITH *vs.* SYLVESTER KIPP *et al.*

Argued Jan. 18, 1892. Decided March 21, 1892.

**Assignments of Error.**—In a cause tried by the court, the facts found by the court having been stated with particularity, their correctness cannot be called in question on appeal by a mere general assignment of error that the decision was not justified by the evidence. The particular findings with respect to which error is sought to be assigned must be specified.

**Facts in a Case—Not Found by the Trial Court.**—This court, on appeal, will not determine in the first instance, and from the evidence,

| 49 | 119 |
| 49 | 442 |

| 49 | 119 |
| 52 | 53 |
| 54 | 33 |

| 49 | 119 |
| 64 | 472 |

| 49 | 119 |
| 65 | 27 |
| 65 | 38 |

| 49 | 119 |
| 70 | 510 |

| 49 | 119 |
| 81 | 505 |

| 49 | 119 |
| 84 | 428 |

the facts of a case in respect to matters concerning which no findings have been made by the trial court.

**Tax Judgment—Jurisdiction to Render.**—The court acquires no jurisdiction to render a tax judgment against real estate, if the published tax list and notice by which judicial proceedings are sought to be instituted does not describe the land.

**Limitation of Actions to Avoid Tax Title.**—A judgment rendered upon a publication so defective is void, and the statute of limitations is inapplicable.

Appeal by defendants Sylvester Kipp and Orrin Kipp from an order of the District Court of Anoka County, *Pond*, J., made September 10, 1891, refusing a new trial.

The plaintiff, Robert A. Smith, brought this action under Laws 1887, ch. 127, claiming to own the undivided two-thirds of the northwest quarter of section eleven, in township thirty-two, (32,) range twenty-two, (22,) in Anoka County. He alleged that defendants claimed some title, estate, or interest in the land, or lien upon it, adverse to him, by and through a tax certificate, and that he brought this action to test the validity of the tax judgment and tax sale under which it was made, and to quiet his title to the land, and remove the cloud created by such tax certificate.

The defendants answered claiming title to the land under a tax certificate made October 20, 1881, at a sale under a tax judgment rendered August 25, 1881, in proceedings to enforce payment of taxes upon the land for the year 1879 and prior years. Laws 1881, ch. 135. The action was tried February 10, 1891, before the court without a jury. The court found that in August, 1881, plaintiff had the patent title to the land derived from the United States; that in proceedings in the District Court of Anoka County to enforce payment of taxes for the year 1879, and prior years, it was adjudged on August 25, 1881, that the land was liable for such taxes with interest and costs, amounting to $103.16, which sum was a lien thereon, and unless paid that the land be sold to satisfy it. The court further found that the land was sold October 20, 1881, pursuant to the judgment; and that a certificate of sale was made and delivered to defendants and recorded. The

court further found that there was never made or filed in the office of the clerk of that court any certified copy of resolution by the Board of County Commissioners designating a newspaper in which the list of delinquent taxes on real estate for said years should be published. The court made no finding whether or not the County Auditor made or filed such designation of a newspaper. The court found that the forfeited list as published was not a substantial copy of the list filed with the clerk, that the list published was so inaccurate and incomplete that the land in question was not in fact described therein at all so as to be ascertainable therefrom without reference to the original list, and also found defendants' certificate of sale contained no date showing when the land was sold under the judgment. It merely stated that the tax sale commenced September 26, 1881.

As conclusions of law the court found that both the judgment and certificate were void, but were a cloud on plaintiff's title, and that he was entitled to have the cloud removed and his title quieted, and to judgment accordingly. Defendants moved for a new trial, and being denied they appealed from the order to this court.

*Stringer & Seymour,* for appellants.

We invoke the rule of *stare decisis.* In the case of *Coffin* v. *Estes,* 32 Minn. 367, a title acquired at the same sale at which defendants secured their title was adjudged to be valid, and upon appeal to this court the judgment was affirmed. *Coffin* v. *Estes, supra.* We urge that this is not a case in which the decision referred to should be disturbed.

Is the certificate of sale valid on its face? No criticism or suggestion of infirmity is offered except that the certificate refers to the sale as commencing on the 26th day of September, 1881. Is this a date of sale within the meaning of the statute? The court found that the sale was actually made October 20, 1881. But *Gilfillan* v. *Hobart,* 35 Minn. 185, is referred to as expressing a reason for giving the exact date of the sale of each particular parcel instead of referring to the date as a whole. In answer, we say that the reason given was hardly necessary, because the court had clearly indicated that

the certificate was void because in that case there was no date of sale. That alone would be decisive of the case. To show the fallacy of the reasoning as to the date of sale, we refer to the doctrine in *Pigott* v. *O'Halloran*, 37 Minn. 415. The statute nowhere requires the date to be given in the certificate. It only requires a date of the sale as an entirety for the purposes of identification of the sale itself as a whole.

The designation of the newspaper is sufficient. This is fully disposed of in *Coffin* v. *Estes, supra.* The County Commissioners failed to designate any paper in which to publish the delinquent or forfeited list. The resolution passed by the board was invalid under the doctrine of *Eastman* v. *Linn*, 26 Minn. 215. The statute required the Auditor to designate the paper on account of the failure of the County Commissioners to do so. 1878 G. S. ch. 11, § 72. This the auditor did. He inscribed upon the pages of the records of the Board of County Commissioners this designation, and impressed thereon the seal of his office. Then he filed with the clerk of the District Court a duplicate original with his seal of office attached.

The published description is sufficient to identify the property, under the rule laid down by this court in *Chouteau* v. *Hunt*, 44 Minn. 173, and cases there cited. It completely identifies the property under the rule in *Stewart* v. *Colter*, 31 Minn. 385.

*Charles J. Berryhill*, for respondent.

What the rule of *stare decisis* has to do with this case we fail to understand. Is this plaintiff estopped by that decision? The report of the case shows questions mooted here, not urged in *Coffin* v. *Estes*, 32 Minn. 367. Would counsel claim this plaintiff could not raise them afterwards? If the certificate was fair on its face in *Coffin* v. *Estes* and void in this, is the rule at all applicable?

In *Gilfillan* v. *Hobart*, 35 Minn. 185, the court declared a date essential to the certificate in order to fix the date of the expiration of the right of redemption. It is equally important under this statute that the certificate contain a date of sale in order to fix the lapse of the statutory bar.

The statute requires the date of sale to be given in the certificate from which the limitation period can be determined. *Farnham* v.

*Jones,* 32 Minn. 7; *Brown* v. *Setzer,* 39 Minn. 317; *Gilfillan* v. *Hobart,* 35 Minn. 185; *Vanderlinde* v. *Canfield,* 40 Minn. 541·; *Sullivan* v. *Donnell,* 90 Mo. 280; *Hopkins* v. *Scott,* 86 Mo. 140; *Grimm* v. *O'Connell,* 54 Cal. 522.

Plaintiff insists that the tax judgment was void because the Auditor did not certify to the resolution of designation nor was the same filed with the clerk.   There was no designation by the board of a paper for either the delinquent or forfeited list.   The duty then devolved upon the Auditor.   He attempted to perform it by inscribing the designation at full length upon the records of his office, the records of the proceedings of the County Commissioners.   After making a designation otherwise valid and a compliance with the law, he files with the clerk a duplicate original instead of a certified copy. *Merriman* v. *Knight,* 43 Minn. 493; *Eastman* v. *Linn,* 26 Minn. 215.

The regular delinquent sale was noticed for the 19th day of September, upon which date the first sale took place.   The law provided for the continuance of this delinquent sale for six days at the most.   The forfeited sale must take place immediately following the delinquent sale, or on the next Monday.   The court finds this sale ·was not made until October 20, 1881.   Inasmuch as this forfeited sale could only be held on September 26th, and this sale, as· appears from the record, was on October 20th, the Auditor lost all right and authority to make it.   No adjournments from day to day of the sale were noted, or proved.

The list published is not even a substantial copy of the list filed. It is not a copy at all, and does not so appear on its face.

DICKINSON, J.   The defendants appealed to this court from an order refusing a new trial.   The action was prosecuted to determine the validity of a tax title which the defendants claim to have acquired by a sale to them of the lands in question at a tax sale of forfeited lands in 1881, (under chapter 135, Laws 1881,) pursuant to a judgment for taxes which became delinquent in the year 1879 and prior years.

The court, having heard the cause, made specific findings of fact, upon which it was considered and found that the tax judgment and

the certificate of sale were void. The argument on this appeal is of wider scope than is justified by the assignments of error. In the brief and argument of the appellants it is claimed that some of the findings of fact are erroneous. But the assignments do not point to any such errors. Rule 9, as amended in 1885, requires *specifications* of error, and, "when the error specified is that any finding of fact of the court below or a referee is not sustained by evidence, it shall specify particularly the finding complained of. No error not affecting the jurisdiction over the subject-matter will be considered, unless stated in the assignment of errors." The assignments of error amount to no more than this:

(1) That "the decision was not justified by the evidence, and is contrary to. law, in this: that the evidence shows the defendants to be the owners of the property" by virtue of the tax sale specifically referred to; and (2) "that more than nine months elapsed between the sale of the property and the bringing of this action." This first and general assignment of error is insufficient to call in question the correctness of any one or more of several specific findings of fact. Hence the facts particularly found are to be taken as true. No error being assigned in respect to them, it is of no avail to allege that the general conclusion of fact resulting therefrom is not justified by the evidence.

Again, in one particular at least, as to which the court expressed no finding, (as to the designation of a newspaper, by the county auditor, for the publishing of the tax list, and as to the filing of a certificate thereof in the clerk's office,) we are, in effect, asked to determine from the evidence what the fact was, and to give effect to such determination as though it had been found by the trial court. There was no application to the trial court for findings upon this subject. It is not our province to determine, in the first instance, and from the evidence presented in another court, the facts of a case. We must take the facts of the case to be as they have been established by the findings of the trial court, except that, upon a proper assignment of error, we may *review* the same, and determine whether they were justified by the evidence. *Warner* v. *Foote,* 40 Minn. 176; (41 N. W. Rep. 935;) *Williams* v. *Schembri,* 44 Minn. 250, (46 N.

W. Rep. 403;) *Jordan* v. *Secumbe,* 33 Minn. 220, 222, (22 N. W. Rep. 383;) *Miller* v. *Chatterton,* 46 Minn. 338, 342, (48 N. W. Rep. 1109.)

The findings of fact made by the trial court justified the conclusion that the tax judgment and the certificate of sale were void. It is enough that the delinquent list, as published, was "so inaccurate and incomplete that the aforesaid premises supposed to be described therein * * * are not in fact described therein at all, so as to be ascertainable therefrom without reference to the original list." The publication of a tax list and notice thus defective would be ineffectual to give to the court jurisdiction, the judgment rendered thereon would be void, and the statute of limitations would be inapplicable. *Feller* v. *Clark,* 36 Minn. 338, (31 N. W. Rep. 175;) *Kipp* v. *Fernhold,* 37 Minn. 132, (33 N. W. Rep. 697;) *Sanborn* v. *Cooper,* 31 Minn. 307, (17 N. W. Rep. 856;) and see *Farnham* v. *Jones,* 32 Minn. 7, (19 N. W. Rep. 83,) and *Vanderlinde* v. *Canfield,* 40 Minn. 541, 543, (42 N. W. Rep. 538.)

It follows that, from the facts found, the court was right in its conclusion that the tax title relied upon was invalid.

Order affirmed.

(Opinion published 51 N. W. Rep. 656.)