(Opinion published 55 N. W. Rep. 1119.)

---

ALBERT G. WHITNEY *vs.* FRANK WEGLER.

Submitted on briefs July 11, 1893.    Affirmed July 21, 1893.

**Tax Titles—Limitation in Laws 1881, Ch. 135, is not Repealed.**
    The limitation of Laws 1881, ch. 135, § 7, was intended to operate as
    confirming the tax sale, with certain exceptions, and the right acquired
    under it.  As such it was constitutional, and the repeal in Laws 1887, ch.
    127, § 1, cannot affect it.

**Objections to Jurisdiction Considered.**
    Certain objections to the jurisdiction of the court in proceedings under
    Laws 1881, ch. 135, considered, and *held* unfounded.

Appeal by plaintiff, Albert G. Whitney, from an order of the Dis-
trict Court of Stearns County, *D. B. Searle*, J., made March 22, 1893,
denying his motion for a new trial.

The action was to determine the adverse claim of the defend-
ant, Frank Wegler, to lot five (5) in block eighty-one (81) of Lowry's
Addition to St. Cloud.    The plaintiff derived title from the patentee

of the land. The defendant claimed title to the lot under a sale thereof for delinquent taxes of 1879 and prior years. The tax sale was made September 30, 1881, pursuant to Laws 1881, ch. 135. In proceedings taken under that law judgment was entered August 4, 1881. This judgment consisted of fifty-seven pages in the Tax Judgment Book, and a complete judgment in form was entered, dated and signed by the clerk on each one of the pages, but each page had a tabular description of lands entirely different from any other page. The only errors alleged in the proceedings were these:

1st. The delinquent list filed by the County Auditor in the District Court consisted of sixty separate sheets, but only the last one, had any certificate thereto.

2d. The delinquent list and the list as published, stated that taxes were due on the lot for the years 1877, 1878, 1879, and 1880, amounting to $4.04, but did not state the amount of the tax for any one year.

3d. The taxes for 1879 and 1880 were included in the tax proceedings and judgment.

4th. At the sale the Auditor refused, during the first week of the sale, to receive a bid for the lot for less than the full amount of the judgment against it.

5th. The lands and lots were not sold in the order in which they stood on the Copy Judgment Book. Laws 1881, ch. 135, § 4.

6th. At the sale the Auditor stated and enforced a rule that during the first week of the sale he would receive no bid for any lot or piece of land for less than the full amount of the tax judgment against it.

The trial court overruled these objections, and made findings of the facts, and ordered judgment that plaintiff take nothing by this action, and that Frank Wegler is the owner of the lot under the tax sale. Plaintiff moved for a new trial, but was denied, and he appeals.

*Taylor, Calhoun & Rhodes*, for appellant.

The court acquired no jurisdiction to enter the tax judgment. The delinquent list and published list must contain and show every material fact required by the statute. It must show the amount of the tax, or the court has no jurisdiction. *Bonham* v. *Weymouth*,.

39 Minn. 92. Where the tax is delinquent for more than one year, it must show the amount for each year. 1878 G. S. ch. 11, § 70; Laws 1881, ch. 135, §§ 1, 2. In the case at bar neither the delinquent list nor the published list shows the amount of the tax for any one of the years, but only the gross amount in one gross sum claimed against the land for all the years.

*Geo. W. Stewart,* for respondent.

The prohibition found in Laws 1881, ch. 135, § 7, precludes the plaintiff from attacking the sale. This prohibition or limitation as it may be called is in the following words: "And the judgment and sale herein provided for, shall not be set aside, unless the action in which the validity of the judgment or the sale shall be called into question, or the defense to any action alleging its invalidity be brought within nine months of the date of sale." This statute constitutes a limitation upon the right to commence any action or interpose any defense, going to the validity of the tax sale or judgment after nine months from the date of sale. Laws 1887, ch. 127, did not and could not work a repeal of the limitation clause in section 7. *Feller* v. *Clark,* 36 Minn. 338. The difference is obvious between the statute under consideration and that considered in *Kipp* v. *Johnson,* 31 Minn. 360, and *Baker* v. *Kelley,* 11 Minn. 480, (Gil. 358.)

The statute of 1881 takes away every form of remedy after nine months, and hence extinguishes all rights of the original owners. *Lindsay* v. *Fay,* 28 Wis. 177; *Flynn* v. *Lemieux,* 46 Minn. 458; *Coleman* v. *Peshtigo,* 30 Fed. Rep. 317.

In tax proceedings the filing of the delinquent list in the office of the Clerk of the District Court has the force and effect of filing a complaint to enforce the payment of the taxes and is deemed the commencement of an action. 1878 G. S. ch. 11, § 70. The list filed against the land in controversy claimed taxes to be due for 1877, 1878, 1879, and 1880, and the judgment purports to adjudicate upon the taxes for all these years. But this was simply a mistake; the fact that taxes were delinquent for 1877 and 1878 authorized proceedings against this lot. The filing of the list was equivalent to the filing of a complaint; the publication of it to the service of a

summons. When the list was filed and published, the court acquired jurisdiction, whether or not there were taxes due. *Chauncey* v. *Wass*, 35 Minn. 1.

The delinquent list while composed of different sheets is in fact one list. *Chouteau* v. *Hunt*, 44 Minn. 173; *Sperry* v. *Goodwin*, 44 Minn. 207; *Kipp* v. *Fernhold*, 37 Minn. 132; *Collins* v. *Welch*, 38 Minn. 62.

GILFILLAN, C. J. Laws 1881, ch. 135, being "An act to enforce the payment of taxes which became delinquent in and prior to the year one thousand eight hundred and seventy-nine," provides, (section 7:) "And the judgment and sale herein provided for shall not be set aside unless the action in which the validity of the judgment or sale shall be called into question, or the defense to any action alleging its invalidity, be brought within nine months of the date of said sale, except that, in case any tract or parcel shall be included in any such judgment, when such taxes shall have been paid, or such property was exempt from taxation, that said judgment and sale shall be void upon proof at any time that such taxes have been paid or such property was exempt." The sale in question here, under said chapter, was made September 30, 1881. This action was brought in 1891. Laws 1887, ch. 127, § 1, was broad enough to repeal that part of section 7 above quoted, provided the legislature could repeal it so as to affect the rights of purchasers under said sale. To determine whether it could be repealed it is necessary to consider whether the limitation was intended to operate on the right acquired under the sale, so as to make it unassailable in any form of action, or only to bar a particular form of action, leaving to the original owner all other remedies by which to vindicate his right of property. If the latter, then, as the legislature might have given the particular remedy or form of action, had it never existed, it might restore it after it had once been taken away. If the former, then the legislature could not affect the right by repeal of the law or otherwise. *Baker* v. *Kelley*, 11 Minn. 480, (Gil. 358;) *Hill* v. *Lund*, 13 Minn. 451, (Gil. 419;) and *Kipp* v. *Johnson*, 31 Minn. 360, (17 N. W. Rep. 957,)—are instances where the limitation was construed to operate on a particular form of action only. We think section 7 was intended to operate on the sale

and make it valid, excepting for the reasons specified, unless its validity should be called in question within the specified time, and that without regard to the form of action, or to whether its validity should be questioned by the plaintiff or the defendant in any action. "The judgment and sale herein provided for shall not be set aside unless," etc. The language is very different from that construed in *Kipp* v. *Johnson:* "Actions to test the validity of any proceeding" "shall be commenced within three years," etc.,—clearly a limitation of the time for bringing the particular form of action. We are the more satisfied that the limitation in section 7 was intended to make the sale valid when we consider how little it really operates upon. To set the time running there must, of course, be a sale in fact, and there must be a valid judgment authorizing it. *Sanborn* v. *Cooper*, 31 Minn. 307, (17 N. W. Rep. 856;) *Feller* v. *Clark*, 36 Minn. 338, (31 N. W. Rep. 175.) And except as otherwise provided,—that is, in respect to payment or exemption, which may be shown at any time,—the judgment is conclusive, and establishes the right to sell. So that the lapse of the time specified really confirms only the sale itself and the proceedings between the judgment and the sale. As the limitation in section 7 operated to confirm the right acquired at the sale, the act of 1887 could not affect it. But it is claimed that, if the limitation was intended to operate to cut off the right to contest the validity of the sale, no matter in what form of action, nor by whom brought, it is unconstitutional, within the decision in *Baker* v. *Kelley*, 11 Minn. 480, (Gil. 358.) Upon a case like that we do not question the decision nor the correctness of the reasoning by which it was reached. The tax proceedings, including the making and recording of the tax deed in that case, were all by acts *in pais*, to which the owner of the land was in no sense a party; and the real proposition upon which the decision went was that the legislature cannot make one's right to enjoy and defend his property depend upon his taking notice of such proceedings and bringing an action to test their validity. In this case the proceeding was by action to which all persons interested in or having liens on the land were parties; and no reason can be suggested why the legislature may not charge parties to an action with notice of all the proceedings in it, or proceedings upon the judgment rendered in it; nor why it may not

require objections to the regularity of such proceedings to be made within a specified time, or in a specified manner, and confirm such proceedings upon failure to so make such objections. No one could question the power of the legislature to charge the parties to an action to foreclose a mortgage with notice of the sale under the decree, and bar their right to object to its regularity, unless they should do so within a specified time or in a prescribed manner. The statute in question goes no further than that, merely applying the same principle to the action by the state to foreclose its lien for taxes. In any view of it, the statute is constitutional. Of course, under the decisions in *Sanborn* v. *Cooper* and *Feller* v. *Clark*, the objection can always be made that the court had no jurisdiction to render the judgment authorizing the sale. The limitation does not run against that objection.

Several objections to the jurisdiction of the court to render this tax judgment are made. The first is that the certified delinquent list filed by the auditor with the clerk consisted of sixty sheets fastened or bound together, and the certificate was at the bottom sheet, instead of being on each sheet. There is nothing in that objection. The second and third objections are that the list did not state the taxes for each year, and that it included taxes for the years 1879 and 1880. The act of 1881 (section 1) requires "the amount of taxes, principal and interest due thereon, according to the provisions of this act," to be stated opposite each description, but does not require the taxes to be stated in detail year by year. It was enough, therefore, to state the amount. We do not see that the taxes for 1879 and 1880 were included in the amount of taxes stated in the list, but, if they were, it would not affect the jurisdiction. *Kipp* v. *Dawson*, 31 Minn. 373, (17 N. W. Rep. 961, 18 N. W. Rep. 96.)

Order affirmed.

(Opinion published 55 N. W. Rep. 927.)