IDA S. HOLMES v. JOSEPH LOUGHREN and Others.[1]

January 12, 1906.

Nos. 14,586—(145).

**Judgment Roll—Defective Service of Summons.**

Action to determine adverse claims to a lot which the defendant owns in fee, unless his title has been divested by a tax judgment and sale under which the plaintiff claims title. The judgment recites that proof of the publication of the delinquent list has been filed with the clerk of the court, and the judgment roll contains a copy of the official paper in which the delinquent list was printed, to which is attached the printer's affidavit of publication, signed by him and purporting to have been sworn to before a notary public, but no notarial seal was affixed thereto. The description of the lot in the list as published is void for uncertainty. *Held*, where the record sets forth the manner in which service of a summons or other jurisdictional notice was made, and such service is inef-

[1]Reported in 105 N. W. 558.

fectual to confer jurisdiction, it will not be presumed that a valid service was made in some other way.

**Publication of Tax List—Presumption.**

The technical defect in the authentication of the printer's affidavit cannot be given the legal effect of expunging from the judgment roll the copy of the official paper and the printer's statement found therein, so that the presumption would obtain that there was another and correct list published. The judgment roll negatives any presumption that there was any other publication of the list.

**Lack of Jurisdiction.**

As to the lot in question there was no legal publication of the delinquent list, and the court had no jurisdiction to enter such judgment against it, and as to it the judgment is void.

**Statute of Limitations.**

A statute of limitations is not put in operation in favor of a party claiming under a tax sale, unless there is behind it a valid tax judgment.

Appeal by plaintiff from a judgment of the district court for St. Louis county, entered pursuant to the findings and order of Cant, J. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Jaques & Hudson,* for respondents.

START, C. J.

This is an appeal from the judgment of the district court of the county of St. Louis in favor of the defendants in an action to determine adverse claims to real estate.

The complaint alleges that the plaintiff is the owner in fee of lot 12, block 11, West Duluth, First division, according to the plat thereof, which is vacant and unoccupied, that the defendant claims some title to or interest therein, which is without any right or foundation, and prays that the court adjudge that the plaintiff is the owner in fee of the lot and that the defendant has no title to or interest in it. The answer denied the allegations of the complaint, except the allegations that the lot was vacant and unoccupied and the defendant claimed an interest therein. The answer then alleged that the defendant was the owner in fee of the lot, that the plaintiff claimed an interest in or lien upon it, but in fact she had

none, and demanded judgment that the defendant was the owner in fee of the lot. The trial court found and decided that the defendant was the owner in fee of the lot and that the plaintiff had no title to or lien thereon, and judgment was so entered in favor of the defendant.

The undisputed facts show that the defendant is the sole owner in fee of the lot and that the judgment of the court is right, unless his title thereto has been divested by an unassailable tax title. The plaintiff claims that she has such a tax title to the lot, and, further, that, whether such title was or was not originally valid, the statute of limitations had run before the commencement of the action upon his tax deed, so as to prevent the defendant from now questioning its validity. The record, then, presents two questions for our consideration. First. Has the plaintiff a valid tax title to the lot? Second. Does the statute of limitations prevent the defendant from showing the fact that he is still the owner in fee of the lot by showing that the tax title is invalid?

1. The tax deed under which the plaintiff claims title was issued upon the sale of the lot pursuant to an alleged real estate tax judgment dated March 13, 1897, and entered in the district court of the county of St. Louis in proceedings under the charter of the city of Duluth to enforce the payment of sprinkling assessments. The defendant urges several defects in the tax proceedings which he claims render the tax judgment void. We find it necessary to pass upon only one of the alleged defects. The charter provisions applicable to this case require that the city comptroller shall give at least twenty days' notice by publication in the official paper of the city of his intended application to the district court for judgment upon his certified statement of delinquent assessments. Such notice and list must specify the assessments, description of the property against which the judgment is demanded, and require all persons interested to appear before the court at the time stated in the notice. The comptroller is further required to cause a copy of his notice of intended application, together with the affidavit of publication made by the printer or publisher of the official paper and the certified statement of said delinquent assessments, to be filed with the clerk

of said district court at or before the application for judgment. Each of such statements shall constitute a separate proceeding or suit, and shall be docketed by the clerk of court in a suitable record book kept for that purpose.

The judgment roll in the tax proceedings in this case received in evidence shows that the comptroller, in his written application to the court for judgment against the several tracts of land described in the delinquent list, stated that he had caused notice of such application, with the delinquent list, to be published in the official newspaper, and, further, that he had caused due proof thereof to be filed in the office of the clerk of the court. The judgment roll contains a copy of the official paper of the city in which the notice of application for judgment, with the delinquent list, is printed, and attached to it is a statement of the publisher and printer of the official paper, in the form of an affidavit, stating that the annexed copy of the printed notice was published in his paper for ten successive days, giving the date of the first and of the last of such publications. The affidavit is subscribed by him and purports to have been sworn to before a notary public, who officially signed the jurat, but he failed to affix thereto his official seal. The delinquent list published with this notice describes the land in controversy, under the headings "Name of Supposed Owner," "Subdivision of Lot or Block," "Total Amount of Assessments and Penalties," as follows, namely: "West Duluth, First Division, J. L. Loughren, Lot 12." Other than this the lot here in question was not described in such delinquent list. The judgment recites on its face that proof of the publication of the notice of application for judgment had been duly filed in the office of the clerk of the court. There was no showing by either party that there was ever any other publication of the delinquent list. The omission of the notary to authenticate his act by his official seal rendered the affidavit incomplete and inoperative as an affidavit. De Graw v. King, 28 Minn. 118, 9 N. W. 636; Thompson v. Scheid, 39 Minn. 102, 38 N. W. 801, 12 Am. St. Rep. 619; Grimes v. Fall, 81 Minn. 225, 83 N. W. 835.

It does not, however, follow, from this defect in the printer's affidavit, that it must be presumed that another and correct notice

and delinquent list was published. Where the record sets forth the manner in which service of a summons or other jurisdictional notice was made, and such service is ineffectual to confer jurisdiction, it will not be presumed that a valid service was made in some other way. Barber v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. Rep. 836; Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. St. Rep. 657; Jewett v. Iowa Land Co., 64 Minn. 531, 67 N. W. 639, 58 Am. St. Rep. 555. The technical defect in the authentication of the printer's affidavit cannot be given the legal effect of expunging from the judgment roll the copy of the official paper and the printer's statement found therein. Necessarily the recital, in the application for judgment and on the face of the judgment, to the effect that due proof of publication of the notice, which included the delinquent list, had been filed in the office of the clerk, refers to the defective proof found in the judgment roll. The judgment roll negatives any presumption that another and correct notice and list were published. It follows that as to the lot here in question there was never any legal publication of the notice of application for judgment, including the delinquent list, and that the court had no jurisdiction to enter a judgment against the lot, and as to it the judgment is void for the reason that the lot was not described therein. Smith v. Kipp, 49 Minn. 119, 51 N. W. 656.

2. The provisions of the charter of the city of Duluth provided that no tax sale shall be set aside or held invalid unless the action in which the validity of the sale shall be called in question be brought within three years from the issuance of the deed. It is the contention of the plaintiff that this statute prevents the defendant from now questioning the validity of the tax judgment and sale, as this action was not brought within three years next after the issuance of the deed. It is to be noted that this case is essentially one to determine the title to the lot in question, that the defendant is the absolute owner of it unless his title has been divested by the tax proceedings, that his fee title carries with it the constructive possession of the lot, and, further, that if the statute applies to an action of this kind, and judgment be given for the plaintiff that he and not the defendant is the owner of the lot, the defendant is absolutely deprived of his property because he did not bring an action

to vindicate his right to the continuance of the uninterrupted enjoyment of his property against a void claim existing only on paper. If statutes of this kind are to be construed as applicable to any action, no matter what its form may be, in which the title to the property will be finally and conclusively determined by the judgment, would they be constitutional? Baker v. Kelley, 11 Minn. 358 (480) ; Feller v. Clark, 36 Minn. 338, 340, 31 N. W. 175.

This is a serious question, which we do not decide, for the reason that, no matter whether the statute, if construed as applicable to actions of this kind, would be valid or not, it cannot be invoked in this case. A statute of limitations is not put in operation in favor of a party claiming under a tax sale, unless there is a valid tax judgment behind it. Where there are jurisdictional defects in tax proceedings, the recording of the tax deed will not set limitations running, and it is immaterial whether such defects appear on the face of the deed or aliunde. Jaggard, Taxn. 744; Sanborn v. Cooper, 31 Minn. 307, 17 N. W. 856; Feller v. Clark, supra; Kipp v. Fernhold, 37 Minn. 132, 33 N. W. 697; Knight v. Alexander, 38 Minn. 384, 388, 37 N. W. 796, 8 Am. St. Rep. 675; Smith v. Kipp, 49 Minn. 119, 125, 51 N. W. 656; Whitney v. Wegler, 54 Minn. 235, 55 N. W. 927. The alleged tax judgment in this case was void; hence the statute does not prevent the defendant from asserting the invalidity of the tax sale.

Judgment affirmed.