PETER O'CONNOR v. PATRICK J. FINNEGAN.[1]

April 10, 1895.

No. 9132.

**Tax Sales—Return of Delinquent Taxes.**
> A provision in Sp. Laws, 1864, c. 18, required the city clerk of the city of St. Anthony to make a return to the county auditor of Hennepin county of certain lands sold for taxes for the year 1860 and previous years, and also to return a list of all taxes assessed upon certain lands by the city of St. Anthony for the year 1863, or any previous years which remained "unpaid and delinquent." *Held*, that a return of said city clerk of a list of taxes which remain "delinquent or unpaid" was defective, and conferred no authority to sell the lands for such taxes, and the deed made pursuant to such attempted sale is void.

**Same—Statute of Limitations.**
> *Held*, also, that the statute of limitations with reference to such Sp. Laws 1864, c. 18, § 8, is repealed by Laws 1887, c. 127 (G. S. 1894, §§ 5821, 5822).

Appeal of petitioner Finnegan from an order of the district court for Hennepin county, Russell, J., directing the clerk of court to pay to petitioner O'Connor the sum of $699.29. Affirmed.

*Savage & Purdy*, for appellant.

*Paige & Paige* and *Judson L. Wicks*, for respondent.

BUCK, J. The park board of the city of Minneapolis took such proceedings as resulted in the acquiring for park purposes of a certain lot located in St. Anthony city, in the county of Hennepin, and known as "lot 1 in block 53." The damages appraised and awarded by reason of such taking amounted to about the sum of $699.29, which amount was deposited with the clerk of the district court of Hennepin county to be paid to the owner of said lot. Each of the parties to this proceeding filed a petition with the district court, and each of the petitioners claimed to be the owner in fee simple to the lot, and alleged that he was entitled to receive the amount so awarded and deposited in court. Upon the hearing, the court de-

[1] Reported in 62 N. W. 618.

cided in favor of the respondent, Peter O'Connor, and ordered the amount paid over to him. The contestant, Patrick J. Finnegan, appeals to this court from such order.

The appellant relies upon a tax title to the lot above described as the basis for his right to the money in question. If the title is invalid, that ends any claim of right on the part of the appellant to the money in dispute. This is the pivotal question, and we need not discuss the other questions so exhaustively argued by counsel. As the court below decided against the appellant, the burden of showing his right to the money rests upon him. Even if the respondent is not entitled to it, that does not aid the appellant, because in a case of this kind it is immaterial how weak may be the respondent's claim. If he had not appeared in the proceeding at all, or made any claim to the damages awarded, that fact would not have strengthened the claim of appellant, because his right to the money does not depend upon the question of whether some other person has any right to it. If the appellant is not the owner, he has no interest as to who is the real owner, and his right to litigate the matter would cease. Has he, therefore, an apparent right to the money by virtue of his alleged tax title? Sp. Laws 1864, c. 18, § 1, provides that the city clerk of the city of St. Anthony shall on or before the first Monday of April, 1864, make return to the county auditor of Hennepin county of all lands within the limits of the city of St. Anthony, in said county, theretofore sold for certain taxes for the year 1860 and previous years, and also to return a list of all taxes assessed upon certain lands by the city of St. Anthony for the year 1863 or any previous years, stating the amount for which said lands were sold, and which remain unpaid and delinquent on April 1, 1864. On April 2, 1864, the city clerk made a return in some respects complying with the requirements of the special law referred to above; but instead of certifying that certain taxes "remain unpaid and delinquent" on April 1, 1864, his return was that certain taxes were "delinquent or unpaid." The distinction between the language used in the clerk's return and that of the law is very material. Within the rule laid down in St. Anthony Falls W. P. Co. v. Greely, 11 Minn. 225 (321), such a return is void, and conferred no authority or jurisdiction on the part of the county auditor to sell the lands for such taxes. As such sale or attempted

sale was void for want of authority, the tax deed made in pursuance of such sale was also void. Sp. Laws 1864, c. 18, § 8, is repealed by Laws 1887, c. 127 (G. S. 1894, §§ 5821, 5822). The right to rely upon this statute of limitation was not a vested right, and the repeal of the statute, and the conferring of the right to test the validity of the tax sale, were matters entirely within the power of the legislature. Kipp v. Johnson, 31 Minn. 360, 17 N. W. 957.

It is claimed by appellant that chapter 127, above referred to, has no application to the proceeding at bar, because the respondent is not the owner of land which the fund in court represents. But the statute is exceedingly comprehensive, and in terms unmistakable indicates a purpose to make it applicable to all actions or proceedings where the holder of a supposed tax title relies upon the statute of limitations.

The order of the court below is affirmed.