### D. Moody *vs.* J. F. Tschabold *et al.*

Argued Nov. 29, 1892. Decided Dec. 23, 1892.

**Assignments of Error.**

Certain assignments of error *held* bad because not sufficiently specific.
**When Mortgage for Purchase Price is Superior to Mechanics' Liens.**
Where the interest of the vendor in an executory contract of sale of real estate is not subject to liens contracted by the vendee in constructing a building on the premises, a mortgage for purchase money, subsequently taken back at the same time that the premises are conveyed to the vendee, is entitled to precedence over the liens.

| | |
|---|---|
| 52 | 51 |
| 52 | 207 |
| 54 | 33 |
| 52 | 51 |
| 65 | 27 |
| 65 | 38 |
| 52 | 51 |
| 70 | 510 |
| 52 | 51 |
| 83 | 53 |
| 52 | 51 |
| 84 | 34 |

Appeal by plaintiff, D. Moody, from a judgment of the District. Court of Clay County, *Holland,* J., entered April 18, 1892.

This action was begun June 1, 1888, against J. F. Tschabold and P. E. Thompson, defendants, to foreclose a lien for $188.32, the price of materials sold by plaintiff to Tschabold on July 2, 1887, and which he used in constructing a house on lot twenty-two (22) in block thirty (30) in Barnesville. Tschabold then held a contract from the owner Thompson for the purchase of the lot. On January 3, 1888, Tschabold quitclaimed his interest in the lot to Thompson. This conveyance was intended by the parties as further security for the payment by Tschabold of the purchase price of the lot, and not as an absolute sale.

On June 20, 1888, Thompson deeded the lot to Tschabold and took from him a mortgage for $360. The plaintiff claimed and gave evidence showing that the price of the lot and interest was but $115; that the mortgage covered more; that it also included $53 due Riley for carpenter work, $52 due McGrath for hardware, $80 for store account due Thompson, and $60 for an old house purchased, and

paid for by Thompson and moved onto the lot. But neither the complaint nor answer made mention of these items or alleged that they were included in the mortgage. The findings made were as follows:

"After hearing the evidence I find the material facts to be as alleged in the answer; and as conclusion of law I find that defendant Thompson is entitled to judgment as prayed in his answer. Let judgment be entered accordingly.

"Dated July 2, 1890.                    G. W. Holland."

Judgment was entered and plaintiff appealed. In this court he assigned errors as follows:

1. The court below erred in finding that the material facts alleged in the answer are true.

2. The court erred in finding, as conclusion of law, that the defendant Thompson is entitled to judgment as prayed in his answer.

3. The court below erred in holding that Thompson's vendor's lien survived the making and delivery of the quitclaim deed, warranty deed and mortgage.

4. The court erred in holding that Thompson could file and perfect into liens the claims of Riley and McGrath.

5. The court erred in holding that defendant Thompson's store bill and claim for building sold to Tschabold could be perfected into a lien upon said property.

6. The court erred in denying plaintiff's motion for new trial of this action.

*F. H. Peterson,* for appellant.

*C. J. Cahaley* and *W. B. Douglass,* for respondents.

The assignments of error are too general, and point out no specific error of either law or fact. *Smith* v. *Kipp,* 49 Minn. 119; *Stevens* v. *City of Minneapolis,* 42 Minn. 136; *Wilson* v. *Minnesota Farmers' Mut. Fire Ins. Co.,* 36 Minn. 112; *Christian* v. *Bowman,* 49 Minn. 99.

These assignments are not referred to in the brief of appellant, and they must therefore be deemed abandoned. *Smith* v. *Bean,* 46 Minn. 138.

MITCHELL, J. Most of the points which plaintiff and appellant seeks to raise are not presented by any sufficient assignments of error. The first and sixth assignments cannot be considered, for two reasons: *First.* They are not included in the points relied on in the brief, and must therefore be considered as abandoned. *Smith v. Bean,* 46 Minn. 138, (48 N. W. Rep. 687.) *Second.* They are in themselves insufficient, because too general. An assignment that "the court erred in denying a motion for a new trial," where the motion was made on two or more distinct grounds, is insufficient. *Stevens* v. *City of Minneapolis,* 42 Minn. 141, (43 N. W. Rep. 842.) An assignment that the court erred in finding that all the material facts alleged in the answer were true is not a compliance with the requirement of *Rule IX.,* that the assignment of error shall specify the particular finding complained of. *Smith* v. *Kipp,* 49 Minn. 119, (51 N. W. Rep. 656.) A general finding that all the allegations of a pleading are true is equivalent to specific findings of each of the facts alleged *seriatim.* Findings in this general form are not ordinarily to be commended, but if made in that way (to which the plaintiff does not appear to have objected) it is incumbent on an appellant to specify the fact or facts the finding of which he complains of. As these are the only assignments under which there was any show of an attempt to raise the question of the sufficiency of the evidence to support the findings, we must take the facts found as true. To ascertain what these findings are, we must, of course, refer to the answer itself. Its allegations (including its admissions) are, in substance, that plaintiff furnished the material, for which he seeks a lien, to defendant Tschabold, who at the time held merely an executory contract of sale of the premises from defendant Thompson, the title being still in the latter, and the purchase money being still wholly unpaid; that subsequently Tschabold, having failed to make payments of purchase money as provided in his contract, quitclaimed the lot to Thompson, the quitclaim being given only by way of mortgage as security for the purchase money of the lot, and not as an absolute conveyance; that still later Thompson conveyed to Tschabold, and at the same time, and as part of the transaction, took back a mortgage to secure the unpaid purchase money. The "Riley and

McGrath claims" and "Thompson's store bill," to which the fourth and fifth assignments of error refer, are not mentioned in the answer, and consequently not in the findings of fact. According to the findings, the quitclaim deed, and the mortgage already referred to, were given and taken as security for the unpaid purchase money of the lot. Hence the only question open to appellant is that raised by his second and third assignments of error, viz., whether upon the findings of fact the defendant Thompson was entitled to judgment as prayed for in his answer, which was that the lien of his mortgage be adjudged superior to the lien of plaintiff. On this question there can hardly be room for reasonable doubt. It is not questioned but that, as matters originally stood, plaintiff's claim was a lien only on Tschabold's interest in the property, and that Thompson's title, which he still retained as security for payment of the purchase money, was paramount. The subsequent quitclaim deed, of course, did not affect plaintiff's lien on Tschabold's interest in the property, and consequently gave Thompson no new or greater rights as against plaintiff; but neither did it affect Thompson's existing right to hold the legal title as security for the purchase money. Nor did the subsequent conveyance by him to Tschabold, and as part of the same transaction, taking back a mortgage for the purchase money, (as security for which he already had the paramount claim on the property,) have the effect of giving priority to plaintiff's lien. It was the same debt, and the same security in changed form, and would remain entitled to the same priority as before.

If we were at liberty to look into the evidence, it is not improbable that it would disclose a state of facts somewhat different from that found by the court, but for reasons already suggested that question is not before us.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 1023.)