## NELSON OLSEN *vs.* JOHN PETERSON.

·Submitted on briefs April 20, 1893. Reversed June 16, 1893.

**Second Certificate of a Sale Made in 1864 on Execution.**

> The right to apply for and have a second certificate of sale upon execution from the officer making such sale in certain cases, which was given by Laws 1862, ch. 19, survived the repeal of that chapter, and was saved to the purchaser by 1866 G. S. ch. 121, § 4.

Appeal by defendant, John Peterson, from an order of the Municipal Court of the City of Duluth, *Eric L. Winje*, J., made March 24, 1893, overruling his demurrer to the complaint.

The plaintiff, Nelson Olson, by his complaint, stated that on September 20, 1892, he entered into a contract with defendant to purchase of him the southeast quarter of the southwest quarter of section thirty-one (31,) T. 48, R. 16, in St. Louis County, for $800, and paid $150 thereon, to be repaid if title was, on examination, found defective. That the defendant's title was found to be defective. That on July 10, 1864, one J. C. Belz owned the land. That on that day the land was sold on execution issued upon a judgment docketed against Belz. That the sheriff on that day made a certificate of the sale, but it was not recorded in the Registry of Deeds until August 4, 1865. That afterward, on September 10, 1870, the person who was sheriff during July, 1864, made another certificate of the sale as late sheriff, which was recorded on that day, and that defendant's only title to the land is under and through these certificates. That the first is void because not recorded within twenty days after the sale; and the second is void because it was made after the repeal of the Act authorizing a second certificate in such cases. He demanded judgment for the $150 and interest. To this complaint defendant demurred. The demurrer was overruled, and defendant appeals.

*James A. Collins*, for appellant.

By the sale the purchaser had a vested right to the property that could be cut off only by redemption, according to the law in force at the time of the sale. All the laws then in force became a part

of that contract. That right accrued and vested, at the time of the sale, and could not be taken away by a future repeal of the law, and was saved to him by the provisions of 1866 G. S. ch. 121, § 4. The right to the certificates was not a mere remedy that could be, or was, taken away, by the repeal of the statute. It was simply a right to evidence of the sale that had been completed, before the law was repealed. In *Cable* v. *Minneapolis Stock-Yards & P. Co.*, 47 Minn. 417, and *Crombie* v. *Little*, 47 Minn. 581, the question of making a second certificate was before this court, and in both cases the certificates were made after the repeal of the statute. Although the effect of the repeal upon the right to make a second certificate was not passed upon in words, the certificates were held valid.

*J. J. Squier*, for respondent.

Laws 1862, ch. 19, says that if the certificate is not recorded in twenty days it shall be void, but that a new one may be obtained in its stead. This statute was expressly repealed by 1866 G. S. ch. 122, which took effect July 31, 1866. The power to make a second certificate depended solely upon the statute. The whole law was remedial, and the provision giving the person who made the sale, power after he was out of office to remedy the omission and fault of the purchaser in not recording the certificate, was purely curative and remedial, and being repealed, and no similar provision enacted, the second certificate was without any authority of law, and is void. *Lambert* v. *Slingerland*, 25 Minn. 457; *Bailey* v. *Mason*, 4 Minn. 546, (Gil. 430;) *Kipp* v. *Johnson*, 31 Minn. 360; *People* v. *Livingston*, 6 Wend. 526; *Butler* v. *Palmer*, 1 Hill, 324; 7 Lawson, Rights & R. § 3780; *South Carolina* v. *Gaillard*, 101 U. S. 433; *Railroad Co.* v. *Grant*, 98 U. S. 398.

VANDERBURGH, J. A certificate of sale of the real estate in question upon execution, and in due form, was executed by the sheriff who made the sale on the 10th day of July, 1864. This certificate was not, however, recorded until August 4, 1865. Subsequently, however, on the 10th day of September, 1870, the person who made the sale executed another certificate of the sale—as late sheriff—of that date, and it was recorded on that day. The statute in force when the sale was made (Laws 1862, ch. 19) provided that such

certificates should be void if not recorded in twenty days, but also provided that the person holding such void certificate might have from the officer making the sale another certificate upon paying the stipulated fee, and this without limitation as to the time within which the application therefor should be made.

This chapter of the Laws of 1862 was, however, expressly repealed by 1866 G. S. ch. 122, and the provisions of the latter upon the same subject were prospective in their operation. Hence the respondent argues that in this case the right to apply to the ex-sheriff for a second certificate had lapsed at the time it was executed, because there was then no statutory authority for it, and, the first certificate having been complete and regular in form, the officer was *functus officio;* and he also contends that the right to such certificate was not saved to the purchaser by the provisions of 1866 G. S. ch. 121. By section 4 of that chapter it was provided that such repeal should not affect any right accruing, accrued, or established. That provision was certainly intended to cover cases of this kind. The right to a second certificate, if required, was as clearly granted by the act of 1862 as to the first. It was a right to a sheriff's deed, passing the title, and not a mere remedy for the enforcement of such right. It existed when the General Statutes took effect, and is fairly within the saving clause referred to. The certificate executed in 1870 was therefore valid, and the title passed upon the record thereof.

Order reversed.

(Opinion published 55 N. W. Rep. 815.)