ALBERT DALLEMAND *et al. vs.* PETER P. SWENSEN.

Submitted on briefs May 22, 1893.  Affirmed June 28, 1893.

**Insufficient Assignment of Error.**

An assignment of error calling in question the correctness of the findings of a court is of no avail when it specifies no particular findings, but is applicable alike to several.

**Harmless Evidence.**

Certain objectionable evidence considered as harmless because it could not have influenced the court in its findings of fact.

**Taxation of Disbursements.**

Proof of disbursements *held* sufficient for taxation of costs.

Appeal by defendant, Peter P. Swenson, from a judgment of the Municipal Court of the City of Minneapolis, *Stephen Mahoney*, J., entered July 26, 1892.  He also appeals from an order made September 16, 1892, denying his motion for a new trial.

The plaintiffs, Albert Dallemand and his copartners, brought this action of replevin against the defendant, Sheriff of Hennepin County, to obtain the possession of one barrel of porter, one barrel of Bass ale, two cases Zinfandel wine and nine gallons New England rum, value $88.  Defendant, supposing the property belonged to D. A. Allen & Co., took it upon a writ of execution against the property of that firm.  The Coroner took the property from the Sheriff, and delivered it to the plaintiffs.  On the trial D. A. Allen was a witness for plaintiffs, and was permitted to testify, that before the Sheriff took the goods from him, he told him that Dallemand & Co. owned them.  To this evidence defendant seasonably objected, and his first and second assignments of error cover the admission of this evidence.  His third assignment of error was as follows: "*Third.* The court erred in its findings and order for judgment."

In the judgment entered July 26, 1892, the amount of plaintiffs' costs was left blank.  Notice of taxation was subsequently given, and costs were taxed July 28, at $40.43.  From the taxation by the clerk, defendant appealed to the Judge, who on August 25, affirmed the taxation.  The costs were then on September 3, 1892, inserted in the judgment.  The proof of the disbursements was as follows:

AFFIDAVIT OF DISBURSEMENTS.

STATE OF MINNESOTA, COUNTY OF HENNEPIN—*ss.*:

Frank R. Hubachek being duly sworn, says that he is one of the attorneys of the plaintiffs in the above entitled action; that the foregoing is a true and correct statement of the costs and disbursements of said plaintiffs in the above entitled action, and that all the items thereof have been actually and necessarily paid or incurred therein, by and on behalf of said plaintiffs; and that each of the above named witnesses was a material witness for the plaintiffs in said action and was sworn and testified, and that he necessarily traveled the number of miles set opposite his name going from his said place of residence to, and returning from the place of trial, and necessarily attended the number of days set opposite his said name. FRANK R. HUBACHEK.

Subscribed and sworn to before me, this 26th day of July, 1892.

EDITH A. SAXTON,

Notary Public, Hennepin Co.,

Minnesota.

[Notarial Seal.]

*Geo. R. Robinson,* for appellant.

*Rea & Hubachek,* for respondents.

DICKINSON, J. This action was prosecuted by the respondents to recover certain personal property which the defendant, as sheriff of Hennepin county, had levied upon as the property of one Allen, under a writ of execution issued upon a judgment recovered against Allen and others by the business firm of Janney Bros. The plaintiffs claimed to be the owners of the property, and that it was in the possession of Allen, as their bailee, for the purpose of sale. The defendant claimed that Allen was the owner. The court, trying the case without a jury, found, among several other things, that the plaintiffs were the owners, and directed judgment in their favor.

The defendant's third assignment of error is too general to be of any avail. *Smith* v. *Kipp,* 49 Minn. 119, (51 N. W. Rep. 656;) *Moody* v. *Tschabold,* 52 Minn. 51, (53 N. W. Rep. 1023.) It does not point to any particular findings of the court as being erroneous. It is applicable alike to all.

v.54M.—3

The testimony referred to in the first and second assignments of error, to the reception of which the defendant objected, was not properly admissible, but it was of such a nature that it cannot reasonably be supposed to have affected the decision of the court as to the facts in issue. There is no merit in the claim that the proof of the necessary disbursements upon which costs were taxed was insufficient.

Order and judgment affirmed.

VANDERBURGH, J., did not participate.

(Opinion published 55 N. W. Rep. 815.)