EMIL MALMGREN and Others v. ALBERT S. PHINNEY and Others.[1]

June 4, 1896.

Nos. 10,002—(134).

**Appeal from Judgment Modified on Appeal.**

The result of a former appeal herein from the original judgment was to remand the case to the district court, with directions to modify the judgment in certain particulars; and it was so modified. *Held*, that an appeal lies from the judgment as modified, although the time for appealing from the original judgment had expired when this appeal was taken; but *held*, further, that no matters can be reviewed on this appeal which were or might have been reviewed on the appeal from the original judgment.

**Assignment of Error—Sufficiency.**

The trial court, by its judgment, made several separate and distinct directions as to the application of the proceeds from the sale of the real estate to the payment of the several lien claimants. *Held*, that a general assignment of error, that the court erred in directing the application of the proceeds of the property, is insufficient to call in question the correctness of the judgment as to the order of the sale of the real estate, or as to the application of the proceeds thereof.

**New Trial—Newly-Discovered Evidence.**

*Held*, that the trial court properly exercised its discretion in denying a motion for a new trial, on the ground of newly-discovered evidence.

Appeals by defendants Charles J. Berryhill and others from an order of the district court for Ramsey county, Kelly, J., and also from a judgment. Affirmed.

*Hiram F. Stevens* and *Charles J. Berryhill*, for appellants.

*Humphrey Barton*, *W. H. Yardley*, *O. J. Cook*, and *James H. Barnard*, for respondents.

START, C. J. This is an action to enforce mechanics' liens, and this is the second appeal in the case. The decision of this court on the first appeal is reported in 50 Minn. 457, 52 N. W. 915, to which we refer for a full statement of the facts and the judgment originally appealed from by the present appellants. The result of the first appeal was that this court remanded the case to the dis-

[1] Reported in 67 N. W. 649.

trict court, with directions to modify the judgment in accordance with the views of this court, expressed in its opinion. After the mandate of this court was filed in the district court, the plaintiffs and other lien claimants moved the latter court, on notice, to modify its original judgment so as to conform to such mandate. At the same time, the appellants Berryhill, Davison, and Resser made a motion for a new trial, on the ground of newly-discovered evidence. The motion for a new trial was denied, and the motion to modify the judgment was granted, and the judgment modified accordingly. The appellants appeal from the judgment as modified; also, from the order denying their motion for a new trial.

1. The respondents claim that the appellants have no right of appeal from the modified judgment, because the time for appealing from the original judgment had expired when the present appeal was taken. In fact, the time for appealing from the original judgment expired before it was modified; hence, if the claim is correct, a party might secure a material modification of a judgment after the time for appealing from it had passed, and there could be no appeal from the judgment as modified. An appeal lies from a judgment modifying a former judgment in the same case, although the time for appealing from the original judgment has expired. The decision on the former appeal herein is, however, conclusive on the appellants on this appeal as to all matters which were or might have been reviewed on the appeal from the original judgment.

The only modification of the original judgment directed by this court was with reference to the order of priority of the liens of the several claimants and mortgagees, and the portions of the lots upon which their respective liens rested. The manner of the sale—that is, the order of sale of the several parcels of the lot—was left for the consideration of the trial court. The district court, by its modified judgment, decreed that the lot should be sold in three parcels, in the order following: First, the south 40 feet thereof; second, the north 20 feet of the south 60 feet; and, third, the north 104 feet thereof,—and also directed the application of the proceeds of the sale in accordance with the order of the priority of the respective liens on the several parcels.

The appellants' fourth and fifth assignments of error relate exclusively to matters which were in the original judgment, and as to

which no modification was directed by the decision on the former appeal, and none was made by the judgment as modified. Such matters cannot be reviewed on the present appeal.

The only other assignment of error relating to the judgment is in these words: "The court erred in directing the application of the proceeds of the property." From the brief and argument of counsel for appellants, it is apparent that the alleged error of which he complains was in the direction of the trial court as to the order in which the several parcels of the lot should be sold. This assignment of error is insufficient to present any question for review either as to the order of sale or the application of the proceeds from the sale of such parcels. There were some seven distinct and separate directions as to the application of such proceeds to the several claimants. The particular direction for the application of the proceeds with respect to which error is claimed should have been specified. Smith v. Kipp, 49 Minn. 119, 51 N. W. 656; Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023; Dallemand v. Swensen, 54 Minn. 32, 55 N. W. 815.

2. The motion for a new trial is based upon newly-discovered evidence; that is, upon the discovery of the fact that the defendant Peterson, the former owner of the north 20 feet of the south 60 feet of the lot in question, conveyed his interest therein, before the commencement of this action, to a person not a party to this action, but the deed was not recorded until after he was made a defendant herein. It appeared on the hearing of the motion that one of the appellants (Resser) has acquired, by a foreclosure of his mortgage, title to Peterson's 20 feet of the lot, and that the latter's grantee has now no interest therein. The present owner is and has been a party to this action from its commencement. The appellant Berryhill, an attorney for the other appellants, discovered the fact that Peterson had conveyed his interest in the lot in September, 1892. The motion was made in June, 1895, and it is clear that the trial court properly exercised its discretion in denying the motion for a new trial.

Judgment and order affirmed.