BUTLER–RYAN COMPANY v. WILLIAM B. SILVEY and Others.[1]

December 20, 1897.

Nos. 10,902—(172).

Appeal—Assignment of Error—Findings of Fact—"Decision Not Justified by Evidence and Contrary to Law"—Correctness of Findings.

Where there are numerous findings of fact, an assignment of error "that the decision of the court was not justified by the evidence, and was contrary to law," is insufficient to raise the question of the correctness of the findings.

Mechanic's Lien — Building Contract — Stipulation for Time Notes Maturing after Time for Enforcing Lien—Construction—No Waiver—Reargument—Correctness of Decision Not Questioned. —

Where a building contract provides for the owner giving time notes for part of the contract price, which by their terms will not mature within the time allowed by statute for commencing an action to enforce a mechanic's lien, but the contract expressly provides that the taking of such notes shall not be construed as a waiver of the right of the contractor to impose or enforce a statutory lien on the property, *held*, that the taking of the notes in accordance with the contract does not waive or suspend the right to enforce the lien against the property.   The note will, under the circumstances, be deemed as merely collateral to the right of lien.

Action in the district court for St. Louis county to foreclose a mechanic's lien.   Defendant Realty Company, owning certain premises in Duluth, leased the same for 99 years to defendant Silvey.   In November, 1894, he contracted with plaintiff for the erection of a building thereon for $82,645.   The contract provided that after payment of $58,645, of the remaining $24,000 of the con-

1 Reported in 73 N. W. 406, 510.

tract price $14,000 was to be taken by plaintiff in 12-months notes of Silvey and upon the terms mentioned in the opinion. The contract provided that the acceptance of these notes should not be construed as waiving the right of plaintiff to file and enforce a lien. In January, 1895, Silvey and the Realty Company united in a mortgage to defendant Penn Mutual Life Insurance Company. The building was finished August 8, 1895. Thereafter Silvey assigned his lease to the Providence Building Company, he agreeing to complete the building at his own expense. On August 9, 1895, a settlement was had and Silvey paid plaintiff partly in money, partly in stocks and the balance, $14,972, in notes executed by him dated August 9, 1895, and payable "July 1st after date."

Within 90 days after August 9, 1895, plaintiff filed a mechanic's lien for the amount of these notes and, after their maturity, instituted this action to enforce it. After a trial before Moer, J., without a jury, he filed his findings and an order for the enforcement of plaintiff's lien by a sale of the premises. From an order denying a motion for a new trial the defendants Realty Company, Providence Building Company and Penn Mutual Life Insurance Company appealed. Affirmed.

*McCordic & Crosby,* for appellants Building Company and Insurance Company.

As to these appellants, who relied upon the contract and who respectively made a loan upon the property and took an assignment of the lease upon it in reliance upon its terms, any waiver on the part of the defendant Silvey was ineffectual. Soule v. Dawes, 7 Cal. 576; Brown v. Moore, 26 Ill. 422; Jones v. Alexander, 10 Smedes & M. 627.

*Ripley & Brennan,* for appellant Realty Company.

A mechanic's lien is waived or discharged when the parties enter into a special agreement inconsistent with the existence of the lien. Flenniken v. Liscoe, 64 Minn. 269. In mortgaging its interest for the benefit of Silvey the Realty Company has assumed new relations to the property, and would be materially injured by permitting a change in the building contract imposing a lien on the

premises which the parties had agreed to waive. Soule v. Dawes, 7 Cal. 576. The parties to a building contract cannot, by a subsequent contract or by an extension in the existing contract, deprive persons dealing with the property meantime of the benefit of their interests so acquired by creating an incumbrance not contemplated in the original contract. Phillips, Mech. Liens, § 217; Brown v. Moore, 26 Ill. 422; Jones v. Alexander, 10 Smedes & M. 627.

When a lien is lost by limitation or waived by agreement or by the act of parties, the rights of parties become fixed and determined by the legal character of their acts, and cannot be affected or changed except by the assent of all parties. Green v. Fox, 7 Allen, 85; Kelly v. Kellogg, 79 Ill. 477; Phillips, Mech. Liens, §§ 327, 327a. The rule requires contracts of this character to be construed most favorably to persons who acquire interests in the property, relying on such contracts. Had negotiable notes dated August 9, 1895, payable August 12, 1896, been given by Silvey and accepted by plaintiff, they would on their face have precluded any claim of lien for the amount represented by them, and so far as these defendants are concerned it must be taken as though such notes and only such notes had in fact been given in satisfaction of the last statement. Flenniken v. Liscoe, supra.

But even if the contract did not provide for negotiable notes, which would have been entitled to three days' grace, thus clearly throwing the day on which suit could have been maintained upon them beyond the time when a suit could have been commenced to foreclose a lien, even on nonnegotiable notes no action could have been brought until the day following the expiration of the year from their date. The maker had a full year, including the whole of the last day, within which to pay them, and a suit upon the notes or to foreclose a lien brought prior to the last hour of the last day would have been premature. Consequently, the year to foreclose the lien would have expired before suit could have been brought to foreclose it. Bishop, Cont. § 1341; Davis v. Eppinger, 18 Cal. 379; Bigelow v. Willson, 1 Pick. 485; Wiggin v. Peters, 1 Metc. (Mass.) 127; Homes v. Smith, 16 Me. 181; Buttrick v. Holden, 8 Cush. 233; Henry v. Jones, 8 Mass. 453; Farwell v. Rogers, 4 Cush. 460; Harris v. Blen, 16 Me. 175.

Billson, Congdon & Dickinson, for respondent.

The policy of our statute is to protect the builder, by giving him a lien upon the property. Unless by some agreement or act he expresses his intention to waive a lien, it arises by force of the statute, as the work goes on. Gardner v. Leck, 52 Minn. 522; Wentworth v. Tubbs, 53 Minn. 388. A waiver will not be inferred by doubtful implication. Flenniken v. Liscoe, 64 Minn. 269; Phillips, Mech. Liens (1st Ed.) § 273. Paramount liens may accrue under a building contract, by force of agreements subsequent to a later mortgage. Gardner v. Leck, supra; Steffes v. Lemke, 40 Minn. 27.

MITCHELL, J.

This was an action to enforce a mechanic's lien for work performed and material furnished in the erection of a building pursuant to the provisions of the contract Exhibit 1 of the answers. The appealing defendants acquired their respective interests in the property after the execution of this contract and after the construction of the building had been commenced.

The court made some 13 or more findings of fact. The only assignment of error is to the effect that the decision of the court was not justified by the evidence, and was contrary to law. This is insufficient to call in question the correctness of any of the findings of fact. Smith v. Kipp, 49 Minn. 119, 51 N. W. 656; In re Granstrand, 49 Minn. 438, 52 N. W. 41; Moody c. Tschabold, 52 Minn. 51, 53 N. W. 1023; Dallemand v. Swensen, 54 Minn. 32, 55 N. W. 815.

At most, the only question open to appellants under this assignment of error is whether the conclusions of law were justified by the findings of fact. But, as no findings are required of facts not in issue, in determining the sufficiency of the findings they must be considered in connection with the facts admitted in the pleadings. These admit the execution of the contract Exhibit 1, and that the work and material for which a lien is claimed were performed under and in pursuance of it. Hence the question is presented whether the provisions of that contract constituted a waiver of the right to a lien for any part of the work and material performed or furnished under it. The price to be paid for the construction of the building was $82,645, subject to such additions or deductions

as were provided for in the contract. This was to be paid in instalments as follows: Until the sum of $58,645 should have been paid, payments were to be made upon estimates to be made by the architects for material furnished and labor performed on the first of each month, or within three days thereafter. The amounts of such monthly estimates, less ten per cent. of the same to be reserved until the completion of the work, were to be paid at the time of the making of such monthly estimates. The remaining $24,000, increased or decreased as elsewhere provided on account of changes in the progress of the work, was to be paid as follows: "Whenever after the payment of the said $58,645 as aforesaid, further payments should become due on statements (estimates) made as aforesaid, the contractor shall receive from the owner his note or notes, payable twelve months from such time of the making of such statement and the delivery of such notes,"—which should be secured by pledges of full paid-up shares of capital stock of the Providence Building Company, and, if required by the contractor, indorsed by one Munger. The whole amount of such notes was to be $14,000. It was expressly stipulated that the taking of any notes or security by the contractor pursuant to the provisions of the contract should not be construed as a waiver of any right which it may have to impose or enforce a statutory lien upon the property on account of its performance of the building contract. After the cash payments had been made and notes to the amount of $14,000 had been given, the final or remaining $10,000 was to be paid in 210 shares of fully paid-up stock of the Providence Building Company. It was stipulated, however, that the owner of the building should have the option, in lieu of giving his notes for $14,000, to pay the amount in cash at a discount of 9 per cent., and, in lieu of the last payment of $10,000 in 210 shares of stock, to pay $7,500 in cash.

The contention of the defendants is that the provision for giving 12-months notes for $14,000 necessarily amounted to waiver of the right to a lien for that sum, for the reason that it would extend the time of payment beyond the time within which, under the statute, an action to enforce a lien must be commenced.

This contention seems to be based upon the false premise that these notes were to be given after the completion of the building,

and upon the final estimate. An examination of the provisions of the contract will show that this is incorrect. The contractor might be entitled to notes for the whole $14,000 long before the building was completed. The only contingency in which the execution of the notes or any of them would be deferred until after the completion of the building and the final estimate, would be where the total amount earned (less the ten per cent. retained) according to the monthly estimate next preceding the completion of the building, did not equal $58,645 plus $14,000. Hence, even under counsel's theory of the effect of giving 12-months notes, there is nothing in the contract itself necessarily constituting a waiver of the right to a lien.

But we prefer to place our decision on the broader ground that, even if the contract had provided that the 12-months notes should be given after the building was completed, this would not have amounted to a waiver of a lien in view of the express stipulation "that the taking of any notes  *  *  *  pursuant to the provisions of this contract shall not be construed as a waiver of any right which it" (the plaintiff) "may have to impose or enforce a statutory lien." It is not to be presumed that this was intended to be merely a repetition of the statutory provision that the taking of a promissory note shall not discharge a lien unless expressly received in payment, and so specified in the note.

No other meaning or effect can be given to it except that which its language clearly indicates, viz: that the taking of a promissory note according to the contract shall not constitute any waiver of the right either to impose or enforce the statutory lien, but leave the contractor at liberty to enforce it exactly as if no note had been taken. The result would be that, while no personal action on the notes could be maintained until they matured, yet the contractor would have the right at any time to bring his action to enforce his lien on the property.

There is nothing against public policy in this, and it is not without analogies in the law. For example, where a creditor whose debt is secured by a bond with sureties takes a time note from the principal debtor, with a distinct agreement that the taking of the note shall not suspend the remedy on the bond, it is held that the

sureties are not released because the creditor may sue on the bond at any time, although the note taken from the principal debtor is not yet due. Brandt, Sur. § 365, and cases cited. In such a case the note would be deemed merely as collateral to the bond. So here, construing the provision for taking the notes in connection with that providing that this shall not be construed as a waiver of the right to enforce the lien, the notes must be deemed as merely collateral to the right to a lien.

The defendants attempt to raise the point that the evidence shows that the parties to the building contract modified it by making the notes payable in 11 instead of 12 months. Even if there was merit in the point, defendants are precluded from raising it, both by their assignments of error and by their pleadings. Their answers set out the building contract, and then allege that the $14,000 was paid in notes, "as provided in said contract." No modification of the terms of the contract is alleged, or even suggested.

Order affirmed.

An application for a reargument having been made the following opinion was filed January 4, 1898.

PER CURIAM.

Counsel for appellant applies for a reargument for the reasons— First, that the second, and principal, ground on which the decision was based was not argued by counsel; and, second, that it is opposed to Flenniken v. Liscoe, 64 Minn. 269, 66 N. W. 979. As the correctness of the first ground for affirmance stated in the opinion is not questioned, the fact that the second was not suggested or argued by counsel is no ground for a reargument. In Flenniken v. Liscoe there was no reservation, as in this case, of the right to enforce the lien. That reservation impliedly and necessarily included everything necessary to the full exercise of the main right, which was the enforcement of the lien.

Application denied.